CASEY *v.* GOETZEN.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—TIME OF PUBLI-
CATION.

Where there was only 78 days from the time of the first
insertion of notice of sale to the date of sale, under
mortgage foreclosure by advertisement, the sale was void,
since, under 3 Comp. Laws 1915, § 14951, requiring publi-
cation each week for 12 successive weeks, at least 84
days should elapse from the time of the first insertion of
the notice to the date of the sale.

2. SAME—JUDGMENT—VENDEE CANNOT SURRENDER VENDOR'S RIGHT
TO POSSESSION.

While a vendee in possession under a land contract has
a contingent equitable interest, he cannot surrender any
rights of his vendor, nor is he required to litigate the
validity of the foreclosure of a mortgage executed by his
vendor.

3. JUDGMENT—NOT BINDING ON OWNER OF LAND NOT A PARTY TO
SUMMARY PROCEEDINGS.

Where summary proceedings were instituted against the
owner of the legal title and his vendee, but were dis-
missed as to the owner, a judgment against the vendee,
who did not question the validity of a sheriff's deed under
void mortgage foreclosure proceedings, was not binding
on the owner, and therefore he had a right to bring suit
to vacate said judgment, and the joining of his vendee
did not defeat his right to relief.

Appeal from Oakland; Gillespie (Glenn C.), J. Sub-
mitted June 7, 1927. (Docket No. 6.) Decided July
29, 1927.

Bill by Francis J. Casey and another against Charles
Goetzen, Samuel Shapero, and others to set aside a
mortgage foreclosure. Defendant Shapero filed a

[1]Mortgages, 41 C. J. §§ 1401, 1406, 1461; [2]Vendor and Purchaser,
39 Cyc. pp. 1612, 1613 (Anno), 1633 (Anno); [3]Judgments, 34
C. J. § 1438; Mortgages, 41 C. J. § 1454.

cross-bill to quiet title.    From a decree for plaintiffs, defendant Shapero appeals.    Affirmed.

*Arthur E. Moore*, for plaintiffs.

*Harold M. Shapero*, for appellant.

WIEST, J.    The decree in the circuit eliminated defendant Goetzen.    Defendant Samuel Shapero held a mortgage for $250, given by Francis J. Casey, on a lot in the township of Royal Oak, Oakland county.    Casey sold the lot on land contract to Joseph Rytel.    Shapero foreclosed the mortgage by advertisement, purchased at the sale and received a sheriff's deed, operative February 16, 1926.    February 26, 1926, Shapero commenced a summary proceeding before a circuit court commissioner to obtain possession under the sheriff's deed.    The complaint was against Casey and Rytel. Casey was not served with process, and, at the hearing, on motion of Shapero, the proceeding was dismissed as to him.    Judgment was rendered against Rytel March 5, 1926.    April 8, 1926, before possession was obtained by Shapero, Casey and Rytel filed the bill herein to vacate the judgment of the commissioner on the ground that the attempted foreclosure was a nullity.    Defendant Shapero appeared, and by answer in the nature of a cross-bill, asked that his title under the foreclosure be held valid.    A decree was entered holding the foreclosure void, canceling the sheriff's deed, and restraining Shapero from enforcing the judgment of the commissioner.    Shapero appealed, claiming the commissioner's judgment barred this suit; relying on the decision in *Manuel* v. *Savings Bank*, 227 Mich. 647.

The statute (3 Comp. Laws 1915, § 14951) requires notice of sale, under a mortgage, by advertisement to be published in a newspaper, once in each week for 12 successive weeks.    From the time of the first in-

sertion of notice of sale to the date of sale was but
78 days.   Twelve successive weeks takes at the least
84 days from the time of the first insertion of the
notice.   A foreclosure by advertisement admits of no
sale until the expiration of 12 full weeks after the first
publication.   *Bacon* v. *Kennedy,* 56 Mich. 329.   The
sale was void and the sheriff's deed a nullity. .  Rytel
was but a vendee in possession under an executory
contract, with a contingent equitable interest.   *Jackson*
v. *West,* 224 Mich. 578.   Rytel could not surrender
any rights of Casey, his vendor, even had he wanted
to do so; neither was he required to litigate the validity
of the foreclosure.   The judgment against Rytel de-
cided no rights of Casey.   Casey held the legal title,
and, as we have pointed out, the attempted foreclosure
did not cut off such title.   Casey had a right to file
the bill herein, and the joining of Rytel with him does
not defeat right to relief.

The holding in the *Manuel Case* is clearly no author-
ity applicable to this case.   There the mortgagor was
served with process, appeared before the commissioner,
had his day in court on the question of the validity
of the mortgage foreclosure, failed to avail himself
of the opportunity to show invalidity of the foreclosure,
and judgment was rendered against him.   The rule
of former adjudication was properly applied under
such circumstances, but in the case at bar there was
no process served on Casey, Shapero dismissed the
suit as to him, and there was no adjudication in a pro-
ceeding in which Casey was a party.

The decree is affirmed, with costs against defendant
Shapero.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS,
CLARK, and McDONALD, JJ., concurred.