JACKSON INVESTMENT CORPORATION v PITTSFIELD
PRODUCTS, INC

Docket Nos. 92941, 93517. Submitted May 13, 1987, at Lansing.
Decided September 9, 1987. Leave to appeal applied for.

Jackson Investment Corporation purchased by mortgage certain
real property from Pittsfield Products, Inc. Jackson subse-
quently defaulted and Pittsfield commenced foreclosure pro-
ceedings. Notices of foreclosure were published on September
10, September 17, September 24, and October 1, 1985. On
October 3, 1985, the property was sold at public auction to
Interface Systems, Inc. The interval between the date of the
first published notice and the date of sale was twenty-three
days. On March 4, 1986, Jackson filed suit against Pittsfield
and Interface in Washtenaw Circuit Court claiming that the
sale had occurred five days before the statutorily required four-
week publication period had expired and that the sale therefore
was void. The court, William F. Ager, J., ruled that the sale
was defective and that the defect rendered the sale voidable,
but not void. The court also found Jackson guilty of laches by
waiting until five months of the six-month redemption period
had passed before bringing suit to invalidate the sale. The court
found some measure of relief was appropriate, however, and
ordered that the redemption period be extended by forty-three
days. Plaintiff filed separate appeals from two orders entered by
the court. The appeals have been consolidated.

The Court of Appeals held:

1. The trial court correctly held that the notice defect ren-
dered the sale voidable, not void.

2. Under the circumstances of this case, the trial court did
not err in applying the doctrine of laches to bar plaintiff's
requested relief.

Affirmed.

REFERENCES

Am Jur 2d, Mortgages §§ 552 et seq.; 636 et seq.; 1154 et seq.

Supreme Court's construction of due process requirements regard-
ing notice in proceeding to foreclose real-property tax or similar
lien. 77 L Ed 2d 1485.

1. MORTGAGES — FORECLOSURES — NOTICE — DEFECTIVE NOTICE.

   A defect in notice of foreclosure renders a subsequent foreclosure sale voidable, not void (MCL 600.3208, 600.3212; MSA 27A.3208, 27A.3212).

2. EQUITY — MORTGAGES — FORECLOSURE SALES — LACHES.

   The doctrine of laches may be applied by a court in an appropriate case to justify its refusal to invalidate a voidable foreclosure sale.

*Bassey & Selesko, P.C.* (by *Kieran F. Cunningham* and *George A. Contis*), for plaintiff.

*Hooper, Hathaway, Price, Beuche & Wallace* (by *Mark R. Daane*), for Pittsfield Products, Inc.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James P. Cameron, Jr.*, and *Terrence E. Haggerty*), for Interface Systems, Inc.

Before: DANHOF, C.J., and MACKENZIE and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. On March 4, 1986, plaintiff brought the instant action to have a foreclosure sale declared invalid. On June 5, 1986, the Washtenaw Circuit Court entered two orders, one dismissing plaintiff's action with prejudice and the other finding that an earlier order was not a final and appealable order. From those orders, plaintiff appeals as of right.

The facts are not in substantial dispute. Defendant Pittsfield Products, Inc., entered into a mortgage agreement with plaintiff Jackson Investment Corporation on May 22, 1984, enabling Jackson to purchase certain property owned by Pittsfield. On September 10, 1985, Pittsfield commenced foreclosure proceedings and published a notice of foreclosure on September 10, 1985. While Jackson has at

---

* Circuit judge, sitting on the Court of Appeals by assignment.

times asserted that there was a question concerning whether it was actually in default, Jackson has apparently not taken any legal steps to contest the asserted default. In addition to the notice published on September 10, 1985, notices of foreclosure were also published on September 17, 1985, September 24, 1985, and October 1, 1985. Jackson received actual notice of the sale sometime between September 10 and September 17. On October 3, 1985, the property was sold at public auction to defendant Interface Systems, Inc., for $310,000. The interval between the date of the first published notice and the date of the sale was twenty-three days, five days less than the circuit court construed was required by statute.[1] Interface received a sheriff's deed on the date of the sale. Thereafter, Interface began paying insurance premiums, property taxes, and maintenance and utility expenses.

On March 4, 1986, Jackson filed the instant complaint and sought an order to show cause why the foreclosure sale should not be vacated. The complaint was based on the fact that the sale had occurred five days before the four-week publication period had expired. The circuit court construed plaintiff's motion as a motion for summary disposition and denied it. Thereafter, the court ruled that the sale was defective. However, the court refused to hold that the consequence of the defect was that the sale was void. Rather, the trial court held that the defect rendered the sale voidable. After examining the equities of the case, the court found plaintiff guilty of laches for waiting until five

[1] However, compare *Carpenter v Smith*, 147 Mich App 560; 383 NW2d 248 (1985), lv den 425 Mich 873 (1986). Since defendants have only raised the issue whether the trial court properly held that a full twenty-eight days of notice was necessary under MCL 600.3208; MSA 27A.3208 in their responsive briefs and have not filed a cross-appeal, the issue is not properly before us.

months of the six-month redemption period had passed before bringing suit to invalidate the sale. However, the trial court found some measure of relief was appropriate and ordered that the redemption period be extended by forty-three days.

On appeal, plaintiff raises two issues: (1) whether the trial court erred in holding that the sale was voidable, rather than void; and (2) whether the trial court erred in its application of the doctrine of laches to bar relief.

MCL 600.3208; MSA 27A.3208 provides in part:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated.

Jackson contends that the case law of this state holds that a foreclosure sale which occurs before the expiration of the notice period is void and without effect. In support of this assertion, Jackson cites two cases. One of the two decisions is *Bacon v Kennedy,* 56 Mich 329; 22 NW 824 (1885). The full text of that opinion reads:

> The only question in this case is whether a statutory foreclosure is valid where the sale was made on a notice which, although published twelve times in separate weeks, provided for selling on a day less than twelve weeks from the first publication. The statute does not say that notice shall merely be published twelve times, once a week, but once a week "for twelve successive weeks." The object of this was manifestly to give that full interval between the first notice and the sale. Such was the basis of the decision in *Gantz v Toles,* 40 Mich 725 [1879]; and the same principle

has been applied in other cases, some of which were referred to on the argument.

As the court below so held, the judgment was correct and must be affirmed.

The *Bacon* case stands for the proposition that the foreclosure sale may not take place within seven days of the last required weekly published notice, i.e., when publication is required "for twelve successive weeks," at least twelve full weeks or eighty-four days must pass from the date of the first notice before the sale can take place. In the instant case, the trial court followed the same reasoning when it held that the language of the current statute requiring publication "for four successive weeks at least once in each week" requires that at least twenty-eight days must transpire from the day of the initial notice until the date of sale. The issue of whether the sale may take place within seven days of the last required weekly published notice is distinct from the issue of what effect the defect should have. That issue was not raised in *Bacon*. Since the issue was not raised, the Court in *Bacon* did not decide whether the defect rendered the sale void or voidable. Even though the opinion suggests that the sale was not valid, that statement must be read and interpreted in light of the context in which it was decided.

Jackson also relies upon *Casey v Goetzen*, 240 Mich 41; 214 NW 948 (1927). *Casey* is factually similar to *Bacon* and the instant case, involving a situation where the foreclosure sale had taken place before a full week had passed after the last required notice. However, the legal issue involved in *Casey* is quite different than the issue involved here or in *Bacon*. The critical issue in *Casey* is whether res judicata applies to bar the plaintiff from raising the fact that the notice period had

been abbreviated. The mortgagee asserted that the failure of the plaintiff's vendee to raise the issue of defective notice at a proceeding the mortgagee had initiated to obtain possession barred the plaintiff in his attempt to set the sale aside. The court held that a vendee could not surrender the rights of his vendor and that the vendee was not required in the former proceeding to assert the defense on the vendor's behalf. Thus, as in *Bacon,* the effect of defective notice was not at issue. While the Court stated in its holding that the sale was void, again, that conclusion must be construed in light of the context of the issues that were litigated. A court cannot be expected to draw a distinction as subtle as the one presented here (void vs. voidable) when the effects of such distinctions are not placed before it to decide. As Black's Law Dictionary (rev 4th ed), p 1745 notes, legal writers and jurists have not at all times used the term "void" in its strictest sense and frequently "void" is used and construed as having the more liberal meaning of "voidable."

The cases upon which plaintiff relies are not precedent. We hold that a defect in notice renders a foreclosure sale voidable. Our Supreme Court reached a similar result in *Fox v Jacobs,* 289 Mich 619; 286 NW 854 (1939), holding that the failure of the notice to specify an assignee of the mortgage, as required by statute, did not render the foreclosure sale absolutely void, but only voidable. While it is clear that the defect of which the mortgagee complained in *Fox* is not of the same nature as the defect presented here, we are convinced that the same result is required here.

MCL 600.3208; MSA 27A.3208 and MCL 600.3212; MSA 27A.3212 set forth the requirements of notice. The failure to properly observe any of these requirements provides a host of poten-

tial defects which could occur. By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property. Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which Jackson advocates. Such a rule would automatically nullify the sale without regard to or consideration of the intervening interests of other parties. We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void. Such a result is consistent with that in *Kuschinski v Equitable & Central Trust Co,* 277 Mich 23; 268 NW 797 (1936), where our Supreme Court held that a foreclosure sale held in violation of a restraining order rendered the sale voidable and not void.

Jackson's final argument is that the circuit court erred in applying the doctrine of laches to bar its requested relief.

Jackson is a business entity active in real estate transactions and was represented by counsel throughout the foreclosure process. Some time between September 10 and September 17, 1985, Jackson received actual notice that the foreclosure sale would be held on October 3, 1985. No complaint was lodged that the sale could not be held before October 8, 1985, until after the sale had been completed and the property sold to a third party. The instant complaint was not filed until five months of the six-month redemption period had passed. While defendant's attorney asserts

that he did not become aware of the defect until shortly before the instant complaint was filed, the circuit court found that Jackson had "the means, skill and knowledge to protect its interest more vigorously." To cure the defect (the acceleration of the sale by five days) the circuit court extended the redemption period by forty-three days. At no time during the redemption period has Jackson attempted to redeem the premises. In the meantime, Interface relied on the apparent validity of the sale by taking steps to protect its interest in the subject property by purchasing insurance, paying property taxes and assuming responsibility for maintenance and utility expenses. Under these circumstances, there were sufficient equitable grounds to support the trial court's refusal to invalidate the sale.

Affirmed.