DAVENPORT v HSBC BANK USA

Docket No. 273897. Submitted April 3, 2007, at Lansing. Decided April 24, 2007, at 9:10 a.m. Leave to appeal sought.

Wanda Davenport brought an action in the Wayne Circuit Court against HSBC Bank USA, seeking to void a foreclosure proceeding by the defendant. The plaintiff was in default on a mortgage. The defendant was the successor of the initial mortgagee, but had initiated the foreclosure proceeding several days before it actually acquired its interest in the indebtedness. The court, William J. Giovan, J., granted the defendant summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

The trial court erred when it concluded that the defendant's noncompliance with the requirements of the statutes concerning foreclosure by advertisement did not nullify the foreclosure proceeding. MCL 600.3204(1)(d) plainly requires that a party own the indebtedness or an interest in the indebtedness before undertaking to foreclose a mortgage by advertisement. The defendant was not eligible to commence the foreclosure when it did because it did not yet own the indebtedness. The defendant's failure to comply with the statutory requirements was a structural defect affecting the defendant's ability to foreclose. The foreclosure proceedings were thus void *ab initio*, rather than merely voidable.

Foreclosure proceedings vacated and case remanded.

MORTGAGES — FORECLOSURES.

A party must own the indebtedness or an interest in the indebtedness before undertaking to foreclosure a mortgage by advertisement; noncompliance with this requirement renders the foreclosure proceeding void *ab initio*, rather than merely voidable (MCL 600.3204[1][d]).

*Steven A. Finegood* for the plaintiff.

*Orlans Associates, P.C.* (by *Timothy B. Myers*), for the defendant.

Before: CAVANAGH, P.J., and JANSEN and BORRELLO, JJ.

JANSEN, J. In this dispute over a mortgage foreclosure, plaintiff appeals by right the circuit court order granting summary disposition for defendant. We vacate the foreclosure proceedings and remand for proceedings consistent with this opinion. This appeal is being decided without oral argument. MCR 7.214(E).

Plaintiff executed a mortgage on certain real property in Detroit. The initial mortgagee assigned its interest to another entity, which in turn assigned the mortgage to defendant on October 31, 2005. By this time, plaintiff was in default on the mortgage. Defendant initiated foreclosure proceedings, publishing its first notice on October 27, 2005. A sheriff's sale followed, and defendant was the successful bidder. Plaintiff brought suit seeking to have the foreclosure proceedings voided, and any continuing proceedings enjoined, on the ground that defendant published its first notice of foreclosure several days before it actually acquired its interest in the indebtedness.

Defendant moved for summary disposition. The circuit court granted the motion on the ground that defendant had in fact complied with pertinent publication requirements, or alternatively that "[i]f it was technically deficient, the deficiency had nothing to do with the substantive rights of the parties." The court noted that "it would be laughable, if not tragic, to upset this whole arrangement because of that hair breadth of a thread that the plaintiff is hanging on."

We review de novo a circuit court's decision on a motion for summary disposition. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). Statutory interpretation presents a question of law, which we

also review de novo. *Thompson v Thompson*, 261 Mich App 353, 358; 683 NW2d 250 (2004).

MCL 600.3204 provides in pertinent part:

(1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

* * *

(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

* * *

(3) If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Defendant admits that it did not own the mortgage at the time of publication on October 27, 2005, but appears to argue that having fulfilled the requirements of MCL 600.3204(3), it was not obliged to follow MCL 600.3204(1)(d). We disagree. "To the extent possible, each provision of a statute should be given effect, and each should be read to harmonize with all others." *Michigan Basic Prop Ins Ass'n v Ware*, 230 Mich App 44, 49; 583 NW2d 240 (1998). We do not read subsection 3 as allowing a successor mortgagee to disregard the requirements of subsection 1 for foreclosing by advertisement simply because the successor expects to have achieved a perfect chain of title by the time of sale. Subsection 1(d) plainly requires that a party own the indebtedness or an interest in the indebtedness before

undertaking to foreclose a mortgage by advertisement. Accordingly, defendant was not eligible to commence the foreclosure when it did so because it did not yet own the indebtedness. MCL 600.3204(1)(d).

We recognize that a defect in fulfilling the statutory notice requirements attendant to a foreclosure by advertisement renders the resulting sale voidable rather than absolutely void. *Jackson Investment Corp v Pittsfield Products, Inc*, 162 Mich App 750, 755-756; 413 NW2d 99 (1987).

However, what is at issue in the present case is not a mere notice defect. Instead, it is a structural defect that goes to the very heart of defendant's ability to foreclose by advertisement in the first instance. Our Supreme Court has explicitly held that "[o]nly the record holder of the mortgage has the power to foreclose" under MCL 600.3204. *Arnold v DMR Financial Services, Inc (After Remand)*, 448 Mich 671, 678; 532 NW2d 852 (1995). It naturally follows from this pronouncement that one who is *not* the record holder of a mortgage may not foreclose the mortgage under MCL 600.3204. *Id.*; see also *Fox v Jacobs*, 289 Mich 619, 623-624; 286 NW 854 (1939) (holding that despite a notice defect in the foreclosure proceedings, the defendants "possessed the right to foreclose" because "there is no question but that the [defendants] at the time foreclosure was instituted owned all of the interest in the mortgage").

In this case, defendant did not own the mortgage or an interest in the mortgage on October 27, 2005. Nonetheless, defendant proceeded to commence foreclosure proceedings at that time. Quite simply, defendant did not yet own the indebtedness that it sought to foreclose. The circuit court erred by determining that defendant's noncompliance with the statutory requirements did not nullify the foreclosure proceedings. Be-

cause defendant lacked the statutory authority to foreclose, the foreclosure proceedings were void *ab initio*. We vacate the foreclosure proceedings and remand for proceedings consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.