# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 8, 2008

134458

WANDA DAVENPORT,
        Plaintiff-Appellee,

v

HSBC BANK USA,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134458
COA: 273897
Wayne CC: 06-617273-CH

On order of the Court, the application for leave to appeal the April 24, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

On October 27, 2005, defendant bank initiated foreclosure proceedings by publishing notice. On October 31, the mortgage was assigned to defendant bank and defendant subsequently purchased the property. The Court of Appeals held that defendant bank was unable to initiate foreclosure proceedings on October 27 because "one who is not the record holder of a mortgage may not foreclose the mortgage . . . ." *Davenport v HSBC Bank USA*, 275 Mich App 344,347 (2007) (emphasis omitted).

MCL 600.3204(1)(d) states that "[a] party may foreclose a mortgage by advertisement" when:

> The party *foreclosing* the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage. [Emphasis added.]

Thus, the Court of Appeals essentially held that the term "foreclosing" in MCL 600.3204(1)(d) refers to the time that the foreclosure process is initiated. That is, the party who initiates a foreclosure must be the "owner of the indebtedness" or the owner

"of an interest in the indebtedness" when the foreclosure process begins. Although this understanding is not unreasonable, MCL 600.3208 explains how notice should be given when a mortgage "will be foreclosed *by a sale* of the mortgaged premises . . . ." (Emphasis added.) This arguably suggests that a "foreclosure" takes place at the time a property is sold and does not encompass presale procedures. Under such an interpretation, defendant bank could have commenced the process of foreclosing plaintiff's home by publishing notice in anticipation of the actual assignment of the mortgage.

In my judgment, the proper meaning of the term "foreclosure" constitutes an important statutory question. I would grant leave to appeal to consider whether the Court of Appeals properly held that the term "foreclosing" in MCL 600.3204(1)(d) refers generally to the procedure involved in foreclosing a property or only to the actual sale of the property.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 8, 2008

*Corbin R. Davis*

Clerk

s0205