*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 12a0415p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

KEITH J. MITAN, as Personal Representative
of Estate of Frank J. Mitan,
                         *Plaintiff-Appellant*,

       *v.*

FEDERAL HOME LOAN MORTGAGE
CORPORATION,
                         *Defendant-Appellee*.

No. 12-1169

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:10-cv-13286—Bernard A. Friedman, District Judge.

Decided and Filed: December 12, 2012[*]

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.
_____

## COUNSEL

**ON BRIEF:** Jeffrey T. Goudie, ORLANS ASSOCIATES, P.C., Troy, Michigan, for Appellee. Keith J. Mitan, West Bloomfield, Michigan, pro se.
_____

## OPINION
_____

BOYCE F. MARTIN, JR., Circuit Judge. Keith Mitan, a Michigan resident proceeding pro se, appeals the district court's dismissal of his civil complaint and grant of summary judgment to the defendant-appellee. For the reasons discussed below, the district court's judgment is reversed and the case remanded.

---

[*] This decision was originally issued as an "unpublished decision" filed on December 12, 2012. The court has now designated the opinion as one recommended for full-text publication.

Wells Fargo Home Mortgage foreclosed by advertisement the home of Frank J. Mitan. Frank is deceased and Keith Mitan is the personal representative of his estate. Federal Home Loan Mortgage Corporation purchased the foreclosed home at a sheriff's sale on February 2, 2010, and the redemption period expired six months later. Two weeks prior to that expiration, Mitan filed a complaint in a Michigan state court, naming Freddie Mac as the defendant, and Freddie Mac removed the proceedings to the United States District Court for the Eastern District of Michigan pursuant to 12 U.S.C. § 1452(f). In his complaint, Mitan alleged that the foreclosure by advertisement was contrary to Michigan law, and he sought a jury trial, monetary damages, to quiet the property's title, and fees and costs. Freddie Mac moved for summary judgment in response.

The magistrate judge issued a report and recommendation finding that Freddie Mac's motion should be granted because Mitan did not have standing to sue, as his interest and title in the property were extinguished at the end of the redemption period. The district court initially adopted the report under the mistaken belief that Mitan had not filed any objections. Mitan then filed a motion under Federal Rule of Civil Procedure 60 for relief from the judgment, reconsideration, or rehearing. The district court concluded that Mitan timely filed his objections, but that the complaint was still meritless for the reasons set out in the report; accordingly, the court denied Mitan's motion and granted Freddie Mac's motion for summary judgment.

On appeal, Mitan argues that: (1) the district court erred in failing to review *de novo* the portions of the report that Mitan objected to; and (2) he has standing to sue.

We review *de novo* a ruling on a motion for summary judgment, viewing the facts and reasonable inferences drawn therefrom in the nonmovant's favor. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476 (6th Cir. 2010). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

After foreclosure of a residential mortgage in Michigan, the former owner generally has a redemption period in which to redeem the property by paying the applicable amount, and the filing of a lawsuit during the redemption period does not toll the expiration of that period. *See, e.g.*, *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at \*1 (Mich. Ct. App. May 28, 2009) (unpubl.). After the expiration of that period, the former owner's rights are terminated. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at \*4-5 (Mich. Ct. App. Apr. 12, 2007) (unpubl.). Mitan does not contest that he filed suit two weeks before the expiration of the redemption period, or that his suit did not extend the deadline. Instead, he argues the property at issue was foreclosed without statutory authority and thus that the foreclosure was void *ab initio*. *See, e.g.*, *Davenport v. HSBC Bank USA*, 739 N.W.2d 383, 385 (Mich. Ct. App. 2007). To assess Mitan's argument, it is necessary to explain in some detail Michigan's statutory scheme for loan modification, which limits the circumstances in which a lender may foreclose by advertisement. The law came into effect in 2009 and applies to the mortgage at issue here.[1]

When a lender wishes to foreclose by advertisement on a borrower's principal residence, it must provide the borrower with a notice designating a person whom the borrower may contact to negotiate a loan modification. Mich. Comp. Laws § 600.3205a(1). If the borrower requests negotiation within the prescribed time period, the lender's designated person may request from the borrower certain documents. *Id.* § 600.3205b(2). If negotiations fail, the designated person is still required to apply statutory calculations to determine whether the borrower qualifies for a loan modification. *Id.* § 600.3205c(1). If the borrower qualifies, the lender may not foreclose by advertisement unless the designated person offers the borrower a loan-modification agreement that the borrower fails to return within fourteen days of receipt. *Id.* §§ 600.3205c(6)-(7). When the lender does not adhere to these provisions, the law

---

[1] All statutory citations below refer to the version of the law in effect on February 2, 2010, the date of the foreclosure sale. There have been some amendments to the law since that date, none of which affects our analysis.

provides the borrower a cause of action to convert the foreclosure by advertisement to a judicial foreclosure. *Id. §* 600.3205c(8). The law also affirmatively prohibits foreclosure by advertisement in certain circumstances. These include situations where the designated person has not negotiated with the borrower as requested, where the parties have independently agreed to a loan modification, and where the statutory calculations show that the borrower qualifies for a loan modification. *Id.* §§ 600.3204(4)(d)-(f).

The facts of Mitan's case as applied to these statutory requirements are in some dispute. On August 6, 2009, Wells Fargo, via its law firm, sent Frank the required notice naming the law firm as the designated contact person. Frank responded to the law firm in a timely fashion and requested negotiation. The law firm requested documents from Frank. From here, the factual record becomes muddled. Frank apparently never returned the documents to the law firm. Instead, he wrote the law firm stating that he returned the documents directly to Wells Fargo at Wells Fargo's request. Frank later wrote the law firm stating that Wells Fargo had pre-approved him for a loan modification. However, there is a letter in the record from Wells Fargo stating that it would not adjust the terms of the mortgage because Frank had not provided enough information.

The district court might have noted these facts had it performed a proper *de novo* review of Mitan's objections to the magistrate judge's report and recommendation, as required by 28 U.S.C. § 636(b)(1). Instead, before becoming aware that Mitan had objected, the district court judge filed a one-paragraph order accepting the magistrate judge's report. Realizing his error, the judge issued a new order stating he had "reviewed plaintiff's objections" but noting only summarily that Mitan had no standing to sue once the redemption period expired. This order does not contain an explanation of the district court's reasons or otherwise evidence *de novo* consideration of Mitan's objections. Plenary review would have shown that the question of standing under Michigan law is more complicated than the magistrate judge believed.

As a general rule, Michigan law does not permit property owners to make claims related to foreclosed property after expiration of the redemption period. *See Piotrowski*, 4 N.W.2d at 517; *Overton*, 2009 WL 1507342, at *1. Mitan claims that this rule is not applicable here. Because the foreclosure by advertisement violated Mich. Comp. Laws § 600.3204(4)(f), he argues, it was void and the redemption period never began. We agree with Mitan's interpretation of the law.

Michigan law distinguishes between foreclosures with notice defects and those with "structural defect[s] that go[] to the very heart of defendant's ability to foreclose by advertisement in the first instance." *Davenport*, 739 N.W.2d at 384. Notice defects render a foreclosure voidable. *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99,101 (Mich. Ct. App. 1987). Structural defects, on the other hand, render the foreclosure absolutely void. *Davenport*, 739 N.W.2d at 385. In *Davenport*, for instance, the defendant bank had no statutory authority to foreclose because it did not own an interest in the mortgage when it published its first notice of foreclosure, as required by Mich. Comp. Laws § 600.3204(1)(d). Similarly, Mich. Comp. Laws § 600.3204(4) is a statutory prohibition on foreclosure by advertisement where a lender does not take the required steps to negotiate a loan modification. Although one of the required steps is to provide notice, *see* Mich. Comp. Laws § 600.3204(4)(a), the failure to comply with the loan-modification process as outlined in the statute is a structural defect because it deprives the borrower of the opportunity to demonstrate eligibility for a loan modification that would avoid foreclosure altogether. *See id.* § 600.3204(4)(f). In contrast, the notice defect at issue in *Jackson* did not call into question the underlying right of the lender to foreclose once past the procedural defect. *See* 413 N.W.2d at 101. It follows that, as a matter of Michigan law, a lender that fails to follow the loan-modification procedures set forth by the statute has engendered a structural defect and is thus without authority to commence a foreclosure. Without a valid foreclosure, the redemption period has not begun, and the owner of the property retains an interest conferring standing to sue.

The remaining question is factual. Did Wells Fargo, in this particular case, foreclose on the property in violation of the loan-modification law? On this record, we are unable to tell. Mitan alleges that Frank returned the necessary paperwork to Wells Fargo, that Wells Fargo had approved a loan modification, and that Frank qualified for a loan modification under the statutory calculations. Portions of the record bring these points into dispute. Besides this, it is altogether unclear why Wells Fargo's designated agent did not have access to communications that Frank may have sent directly to Wells Fargo. It is also unclear whether Wells Fargo or its agent ever attempted to make the calculation required under Mich. Comp. Laws § 600.3205c(1). If further factual development shows that Wells Fargo did not comply with the loan-modification law, then Mitan has standing and may pursue the merits of his claim.

In sum, the district court erred when it held that Mitan lacked standing because the redemption period had expired. If Wells Fargo violated the loan-modification law, then the redemption period never began. On remand, the district court should make factual findings to determine whether Wells Fargo assessed Frank's eligibility for a loan modification as required by statute.

The judgment of the district court is reversed, and the case is remanded for further proceedings.