**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0186n.06

**No. 11-2285**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Feb 19, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RAYMOND R. LESSL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: CLAY, COOK, and ROTH, Circuit Judges.[*]

COOK, Circuit Judge. Raymond Lessl appeals the district court's judgment granting CitiMortgage's motion to dismiss and denying his motion to amend his complaint. For the following reasons, we AFFIRM.

I.

In 2006, Lessl signed a note and mortgage with CitiMortgage to purchase a condominium in the Detroit area (the "property"). By mid-2009, Lessl began defaulting on his payments to CitiMortgage. Over the next year, Lessl and CitiMortgage engaged in loan-modification discussions, and Lessl twice refused modification offers. When these modification attempts failed, CitiMortgage

---

[*]The Honorable Jane R. Roth, Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

initiated a foreclosure-by-advertisement, with notice published in the newspaper for four consecutive weeks as required by Michigan law. As an additional measure, CitiMortgage ensured that Lessl received actual notice of the pending foreclosure by mailing him a letter in early July when the first newspaper publication ran. (Compl. Ex. 10, Foreclosure Notice, ID #91.) Nonetheless, Lessl faults CitiMortgage's foreclosure efforts as invalid for failing to meet the Michigan requirement to post notice of the foreclosure on the property.

The property sold at the sheriff's sale for just under $200,000. The sale triggered the running of Michigan's six-month statutory redemption period. Just days before the redemption period expired, Lessl sued CitiMortgage in state court seeking injunctive relief and to set aside the foreclosure sale for failure to follow statutory notice requirements. His complaint also sought damages under the Real Estate Settlement Procedures Act ("RESPA"), the federal Home Affordable Modification Program, and intentional misrepresentation and promissory estoppel. Following CitiMortgage's removal of the case, the district court dismissed all of Lessl's claims under Federal Rule of Civil Procedure 12(b)(6) and denied him leave to amend his RESPA claim.

On appeal, Lessl contests the validity of the foreclosure sale, the dismissal of his intentional misrepresentation and promissory estoppel counts, and the denial of leave to amend his RESPA claim.

No. 11-2285
*Lessl v. CitiMortgage, Inc.*

A. Validity of Foreclosure Sale

Lessl argues that the district court erred in upholding the sheriff's sale because the failure to post notice of the pending foreclosure sale on his property violated Michigan Compiled Laws § 600.3208 and automatically voided the ensuing sale. The district court dismissed this foreclosure claim because it determined that Lessl showed no harm resulting from the failed posting. (R. 10, Order at 8, ID #459.)

Michigan law distinguishes between "foreclosures with notice defects and those with 'structural defects that go to the very heart of defendant's ability to foreclose by advertisement in the first instance.'" *Mitan v. Fed. Home Loan Mortg. Corp.*, —F.3d—, 2012 WL 6200257, at \*3 (6th Cir. Dec. 12, 2012) (brackets omitted) (quoting *Davenport v. HSBC Bank USA*, 739 N.W.2d 383, 384 (Mich. Ct. App. 2007)), *reh'g denied*, 2013 WL 310190 (6th Cir. Jan 25, 2013). Although structural defects will void a foreclosure, *id.*, "a defect in notice renders a foreclosure sale voidable," *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). When "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property," courts uphold a completed foreclosure sale. *Jackson Inv. Corp.*, 413 N.W.2d at 101; *accord Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007).

With the letter from CitiMortgage advising him of the foreclosure sale four weeks before it occurred, Lessl cannot demonstrate prejudice from the non-posting. We reject his argument because he retained every opportunity to enjoin the foreclosure proceedings or exercise his redemption rights. *See Prince v. MetWest Mortg. Servs.*, Nos. 259448, 260021, 2006 WL 1084393 (Mich. Ct. App. Apr. 25, 2006).

B. Intentional Misrepresentation and Promissory Estoppel

Lessl next asserts intentional misrepresentation and promissory estoppel from a letter received from CitiMortgage that extended the deadline for him to return documents required for possible participation in the Home Affordable Modification Program, a federal foreclosure assistance program. The district court rejected Lessl's promissory estoppel argument because he cannot show reasonable reliance. We agree.

Promissory estoppel requires:

> (1) a promise, (2) that the promisor should reasonable have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. Ct. App. 1999) (citation omitted). As the district court found, Lessl knew for almost a year that "collection or/and foreclosure activity may continue until a foreclosure prevention treatment has been approved or completed." (R. 7-2,

Ex. 5, July 10, 2009 Letter, ID #362.) During that year, CitiMortgage worked to modify Lessl's loan, but he twice rejected its offers. (R. 10, Op. & Order at 4, ID #455.) And Lessl received the foreclosure notice listing the rapidly approaching sale date nearly three weeks *after* the deadline-extension letter. Moreover, the extension related only to an opportunity to *apply* for a modification—an opportunity Lessl previously declined. We are convinced that Lessl could not have reasonably relied on the deadline-extension letter so as to invoke promissory estoppel, and no injustice resulted.

We also agree with the district court that the letter cannot form the basis for an intentional misrepresentation claim because "[a] promise regarding the future cannot form the basis of a misrepresentation claim." *Forge v. Smith*, 580 N.W.2d 876, 884 (Mich. 1998) (citations omitted). Before any review of his situation could occur, the letter required further action from Lessl. It therefore included no misrepresentation of a past or present material fact. *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 749 (E.D. Mich. 2010) ("Plaintiff's claim still fails because Defendant's alleged statement would be a promise to conduct a review in the future and cannot give rise to a viable misrepresentation claim.").

C. Leave to Amend

Finally we discern no abuse of discretion in the district court's denial of leave to amend Lessl's complaint where he neglected to provide a proposed amended complaint, as required by local rule, and failed to demonstrate plausible damages. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214

No. 11-2285
*Lessl v. CitiMortgage, Inc.*

F.3d 776,783–84 (6th Cir. 2000).

Though Lessl urges that the district court's strict application of the local rule's attachment requirement evinces an abuse of discretion when considered with the liberal amendment stance of Rule 15(a)(2), "the party requesting leave to amend must act with due diligence if it wants to take advantage of [Rule 15(a)(2)'s] liberality." *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 306 (6th Cir. 2000)). Lessl did not act diligently.

Six months before dismissal, CitiMortgage's motion to dismiss notified Lessl that the damages aspect of his RESPA claim needed additional support. Yet in response, Lessl only pointed to the general allegations in his complaint and stated in the alternative that, "To the extent that Plaintiff did not allege specific damages resulting from the violation, Plaintiff should be allowed the opportunity to amend his Complaint to specify his damages." (R. 7, Lessl Resp. Mot. Dismiss at 18, ID #300.) Then six months later at the hearing on CitiMortgage's motion to dismiss, Lessl's counsel hedged again: "[The RESPA pleading deficiencies] can be corrected with an amended Complaint. . . . [A]n amended complaint can lay it out in more specificity although I don't concede that it's not specific enough. It can be fixed that way." (R. 14, Hr'g Mot. Dismiss at 23:18–22, ID #493.) As Lessl's appellate brief confirmed, he never proffered an amended complaint, (*see* Appellant Br. at 29) nor attempted to flesh out his theory of damages. We find no diligence in Lessl's actions. *See Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (denying leave, despite "liberal policy with respect to amendments of defective pleadings," where plaintiff filed no

motion to amend and omitted specific facts supporting claim); *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (same); *cf. Begala* 214 F.3d at 784 (holding that plaintiffs, who filed no motion to amend, "were not entitled to an advisory opinion from the Court informing them of the deficiencies of their complaint and then an opportunity to cure those deficiencies" (emphasis omitted)).

III.

We AFFIRM.