**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0046n.06

No. 14-1707

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jan 14, 2015

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| TRIESTINA CASASANTA, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| FEDERAL NATIONAL MORTGAGE | ) MICHIGAN |
| ASSOCIATION, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

BEFORE: BATCHELDER, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Triestina Casasanta appeals the district court's order denying her motion for relief from judgment, filed under Federal Rule of Civil Procedure 60(b)(5) and (b)(6).

Casasanta filed a complaint in state court against Federal National Mortgage Association, Seterus, Inc., Flagstar Bank, Citimortgage, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS), seeking to quiet title to a piece of her real property that had been foreclosed upon and sold at a sheriff's sale. Casasanta alleged that the foreclosure of her property was invalid because the mortgage and promissory note were rendered void when MERS held the mortgage separate from the note. After Flagstar Bank was dismissed from the case, the remaining defendants removed the complaint to federal court.

The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6), concluding that Casasanta lost her rights in the property at the expiration of

the redemption period following the foreclosure sale. The court further concluded that Casasanta failed to make the showing of fraud or irregularity that was necessary to set aside the foreclosure sale. We dismissed Casasanta's appeal as untimely.

Casasanta filed a motion under Rule 60(b)(5) and (b)(6), seeking relief from the dismissal of her complaint. She argued that relief was warranted for two reasons: (1) the law relevant to determining whether the foreclosure was valid changed in *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949 (6th Cir. 2012), and *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012); and (2) the defendants violated the Michigan Foreclosure Act and the Home Affordable Modification Program regulations by foreclosing on her property while she was undergoing a review for a loan modification. The district court denied Casasanta's Rule 60(b) motion, concluding that there was no basis to disturb the prior judgment dismissing her complaint.

On appeal, Casasanta argues that the district court erred by denying her Rule 60(b) motion. We review for an abuse of discretion a district court's denial of a motion for relief from judgment under Rule 60(b)(5) and (b)(6). *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 613 (6th Cir. 2011); *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010). Under Rule 60(b)(5), a district court may grant relief from a judgment if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Relief under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances. *Henness v. Bagley*, 766 F.3d 550, 553-54 (6th Cir. 2014).

The district court did not abuse its discretion by denying Casasanta's motion for relief from judgment. Casasanta cannot obtain relief under Rule 60(b)(5) because the district court's judgment dismissing her complaint under Rule 12(b)(6) is not the type of prospective judgment

that may be challenged under Rule 60(b)(5). *See Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587-88 (6th Cir. 2004); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271-72 (3d Cir. 2002). And Casasanta is not entitled to relief under Rule 60(b)(6) because she has not shown that there are exceptional or extraordinary circumstances warranting such relief. Casasanta's claim that the defendants violated state and federal law by foreclosing on her property while she was seeking a loan modification is based on facts that were known to her when she filed her original complaint. And the alleged change in decisional law is insufficient to warrant relief under Rule 60(b)(6) absent some other special circumstance, which is not present here. *See Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Accordingly, we affirm the district court's order denying Casasanta's motion for relief from judgment.