*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

TAMU N. BROOKS-JOHNSON and WALLACE JOHNSON,

Plaintiffs-Appellants,

v

US BANK NATIONAL ASSOCIATION and OCWEN LOAN SERVICING, LLC,

Defendants-Appellees.

UNPUBLISHED
October 8, 2019

No. 344861
Macomb Circuit Court
LC No. 17-004198-CH

---

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

In this foreclosure action, plaintiffs Tamu N. Brooks-Johnson and Wallace Johnson appeal the trial court's order granting summary disposition in favor of defendants U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen"), on plaintiffs' claims of quiet title and wrongful foreclosure. We affirm.

In May 2005, plaintiffs entered into a mortgage agreement with BNC Mortgage, Inc., which defendant Ocwen serviced. The mortgage was later assigned to defendant U.S. Bank, and the assignment was recorded.

Plaintiffs had difficulty making loan payments. In April 2010, they obtained a Tier 1 loan modification under the Home Affordable Modification Program ("HAMP").[1] After receiving the Tier 1 loan modification, plaintiffs continued to have difficulty making monthly payments, and they sought another loan modification. In May 2015, plaintiffs were approved for

---

[1] HAMP is a federal program enacted pursuant to the Emergency Economic Stabilization Act, 12 USC 5201, *et seq.*, which was designed to assist homeowners in avoiding foreclosure by giving lenders incentives to offer borrowers modifications with more favorable terms. See *Wigod v Wells Fargo Bank, NA*, 673 F3d 547, 556 (CA 7, 2012).

a trial period plan ("TPP") under Tier 2 of HAMP that lowered their monthly obligations. However, because plaintiffs failed to satisfy the terms of the TPP by making the required payments, the modification offer was rescinded in October 2015.

In December 2015, plaintiffs submitted another loan modification application, and plaintiffs were approved for Ocwen's "Proprietary Modification program." Plaintiffs ultimately defaulted on the modification offer by failing to make all of the required payments. After plaintiffs' attempts to obtain loan modifications failed, U.S. Bank initiated foreclosure by advertisement. The sheriff's sale was scheduled for August 5, 2016, but the sale was postponed after plaintiffs filed additional applications for loan modification. Ocwen denied plaintiffs requests for loan modification, and Ocwen outlined the reasons for the denials in letters dated November 10, 2016 and March 31, 2017. The letters were addressed to plaintiffs and bore the address of the property at issue in this appeal.

The foreclosure sale proceeded on April 7, 2017, and U.S. Bank purchased the property at the sale. Plaintiffs did not redeem the property during the statutory redemption period, which ended on October 7, 2017.

On November 6, 2017, plaintiffs filed a complaint against defendants seeking, among other things, to quiet title and to set aside the sheriff's sale based on claims of wrongful foreclosure.[2] After the close of discovery, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that plaintiffs lacked standing to bring the quiet title claim and that summary disposition was proper on the wrongful foreclosure claim because plaintiffs could not establish that there were substantial irregularities or fraud in the foreclosure proceeding that resulted in prejudice. Plaintiffs opposed the motion. Following oral argument, the trial court granted defendants' motion for summary disposition.

Plaintiffs filed a motion for reconsideration, arguing that the trial court was not aware of relevant information at the time defendants' motion for summary disposition was granted. More specifically, plaintiffs alleged that the trial court was not aware that plaintiffs never received the November 10, 2016 and March 31, 2017 denial notices. According to plaintiffs, if they had received these notices, they would have filed appeals from the decisions. In the response, defendants argued that plaintiffs' allegation that they did not receive the denial notices did not support that there was fraud or irregularity in the foreclosure process and, thus, did not overcome plaintiffs' lack of standing to challenge the completed foreclosure.

---

[2] In the complaint, plaintiffs also alleged claims of breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs also requested injunctive relief. The trial court dismissed those claims in the June 11, 2018 order from which plaintiffs appeal. However, plaintiffs do not allege on appeal that the trial court improperly granted summary disposition on their claims of breach of contract, breach of the covenant of good faith and fair dealing, and injunctive relief. Consequently, we need not address whether summary disposition was proper on those claims.

After reviewing plaintiffs' pleading, the trial court ordered that oral arguments on plaintiffs' motion for reconsideration would be held on July 30, 2018. On that date, the parties appeared before the trial court. The trial court, which appeared to be addressing plaintiffs' counsel, stated the following:

> I granted the reconsideration because it was brought to my attention that I did not read all of the materials at the time I rendered my decision. However, I read this. It doesn't change anything, and you've had an opportunity to read them as well. Your contention is that well, you might have appealed maybe, I don't know if you would have, had you been privy to those correspondence. But it doesn't change or alter the facts of case. I granted reconsideration. My ruling is the same.

The trial court entered an order denying plaintiffs' motion for reconsideration. This appeal followed.

We first address plaintiffs' argument that the trial court erred by granting summary disposition on the wrongful foreclosure claim. A trial court's determination regarding a motion for summary disposition is reviewed de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). Although the trial court did not identify the subrule under which it granted summary disposition, it is apparent that the motion was granted under MCR 2.116(C)(10) because the trial court's consideration went beyond the parties' pleadings. *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 59; 680 NW2d 50 (2004). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), this Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Smith*, 460 Mich at 454-455 (citation omitted). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.*

In *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014), this Court noted that our Supreme Court's holding in *Kim v JP Morgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012), established that "a mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity."

With respect to the first element, not just any type of "misconduct will suffice." *Conlin v Mtg Electronic Registration Sys, Inc*, 714 F3d 355, 359-360 (CA 6, 2013).[3] Rather, the

---

[3] Although lower federal court decisions are not binding on state courts, they may be considered persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

misconduct must relate to the foreclosure procedure itself. *Id.*, citing *Freeman v Wozniak*, 241 Mich App 633, 636-637; 617 NW2d 46 (2000).

Here, plaintiffs argue that the trial court erred by dismissing their claim for wrongful foreclosure because several irregularities occurred that justified setting aside the sheriff's sale. More specifically, plaintiffs argue the following: (1) defendants violated MCL 600.3204; (2) defendants engaged in dual tracking[4]; (3) defendants should have allowed plaintiffs to enter into a loan modification agreement; (4) defendants should have "reinstate[d] the loan"; and (5) defendants failed to provide plaintiffs with the November 2016 and March 2017 notices, which revealed that plaintiffs' requests for loan modifications were denied. However, in plaintiffs' brief on appeal, plaintiffs do not explain or rationalize these arguments in a meaningful manner or provide this Court with relevant authority. "[A]ppellant[s] may not merely announce [their] position and leave it to this Court to discover and rationalize the basis for [their] claims, nor may [appellants] give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Therefore, plaintiffs' arguments concerning fraud or irregularity in the foreclosure proceedings are abandoned. *Id.* at 339-340.

To the extent that we have considered plaintiffs' arguments concerning defendants' alleged dual tracking, failure to provide plaintiffs with notice of the denials of the loan modification requests, and failure to offer a loan modification agreement, we find that the arguments lack merit given that the arguments relate to the loan modification process, as opposed to the foreclosure procedure itself. Therefore, even if not abandoned, the purported errors relating to the modification process would not justify setting aside the foreclosure sale. See *Gjokaj v HSBC Mtg Servs, Inc*, 602 Fed Appx 275, 278 (CA 6, 2015) (holding that "a violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure proceeding itself"). See also *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014) (holding that dual tracking violations "relate to the loan modification process rather than the foreclosure process").

Further, even if plaintiffs had established fraud or irregularity in the foreclosure procedure itself, we find that plaintiffs cannot prove prejudice sufficient to warrant setting aside the foreclosure. In *Diem*, 307 Mich App at 211-212, this Court noted that Justice Markman's concurring opinion in *Kim*, 493 Mich at 121, discussed circumstances to consider when weighing potential prejudice:

> Although a nonexhaustive listing, some of the factors that might be relevant in [demonstrating prejudice] would include the following: whether plaintiffs were

---

[4] "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich 2014), citing *Jolley v Chase Home Finance, LLC*, 213 Cal App 4th 872, 904; 153 Cal Rptr 3d 546 (2013). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Kloss*, 996 F Supp 2d at 585.

"misled into believing that no sale had been had," *Kuschinski v Equitable & Central Trust Co*, 277 Mich 23, 26; 268 NW2d 797 (1936); whether plaintiffs "act[ed] promptly after [they became] aware of the facts" on which they based their complaint, *id.*; whether plaintiffs made an effort to redeem the property during the redemption period, *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 503; 739 NW2d 656 (2007); [and] whether plaintiffs were "represented by counsel throughout the foreclosure process," *Jackson Investment Corp v Pittsfield Prod Inc*, 162 Mich App 750, 756; 413 NW2d 99 (1987). . . . [*Kim*, 493 Mich at 121 (MARKMAN, J., concurring).]

In this case, plaintiffs allege that defendants' actions caused them to lose an opportunity to appeal the denials of their requests for loan modification. However, there is no record evidence or authority to support that plaintiffs qualified for a modification of the mortgage such that filing appeals from the denials of their requests for loan modification would have therefore been successful. There is also no evidence or authority to support that the foreclosure sale would have been postponed if plaintiffs filed appeals from the denials. Thus, plaintiffs' allegations of prejudice lack factual and legal support.

Moreover, plaintiffs have not challenged the fact that they defaulted on their loan. The record evidence establishes that the notice of sale was published in the Macomb County Legal News for four consecutive weeks and was tacked to plaintiffs' property. See *Kuschinski*, 277 Mich at 26. Nonetheless, plaintiffs did not allege in a timely manner that the sale could not be held on April 7, 2017, and plaintiffs made no effort to redeem the property during the redemption period. See *Sweet Air Investment, Inc*, 275 Mich App at 503; *Jackson Investment Corp*, 162 Mich App at 757. Rather, plaintiffs waited until 30 days after the redemption period expired to file an action in the trial court to challenge the foreclosure. Based on the record before us, we conclude that plaintiffs failed to establish that a genuine issue of material fact existed to support that they would have been in a better position to preserve their interest in the property if the purported defects had not occurred. See *Kim*, 493 Mich at 115-116. Consequently, the trial court did not err when it granted summary disposition in favor of defendants on the wrongful foreclosure claim, see *Smith*, 460 Mich at 454-455, and the court did not abuse its discretion when denying plaintiffs' motion for reconsideration, see *Woods v SLB Property Management*, 277 Mich App 622, 629-630; 750 NW2d 228 (2008).

Next, plaintiffs allege that the trial court erred by granting summary disposition on the quiet title claim. As stated above, the trial court granted summary disposition pursuant to MCR 2.116(C)(10). However, summary dismissal based on lack of standing is properly considered under MCR 2.116(C)(5) ("The party asserting the claim lacks the legal capacity to sue."). See *Miller v Chapman Contracting*, 477 Mich 102, 104; 730 NW2d 462 (2007). Nonetheless, because "an order granting summary disposition under the wrong subrule may be reviewed under the correct rule," see *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395 n 3; 573 NW2d 336 (1997), we will review whether dismissal of the quiet title claim would have been proper pursuant to MCR 2.116(C)(5). This Court considers "the pleadings, depositions, admissions, affidavits, and other documentary evidence" to determine whether the movant was entitled to judgment as a matter of law because the party asserting the claim did not have legal capacity to sue. *Aichele v Hodge*, 259 Mich App 146, 152; 673 NW2d 452 (2003).

Plaintiffs brought the quiet title action under MCL 600.2932, which provides the right of a party to bring an action to quiet title. Specifically, MCL 600.2932(1) provides the following:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Plaintiffs assert that the trial court erred by dismissing the quiet title action because there is evidence to support that they had a "superior interest" in the property. We disagree.

Following foreclosure, the rights and obligations of the parties are controlled by statute. *Senters v Ottawa Sav Bank, FSB*, 443 Mich 45, 52; 503 NW2d 639 (1993). Under MCL 600.3240(1), a sheriff's deed obtained through purchase of property at a sheriff's sale becomes void if the entire premises is redeemed by the mortgagor paying the required amount within the applicable statutory redemption period. See *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), citing MCL 600.3240.

In *Bryan v JP Morgan Chase Bank*, 304 Mich App at 714-715, this Court held that when a mortgagor fails to redeem the property within the statutory time period, he or she loses standing to challenge the foreclosure proceeding. The panel reached this conclusion by noting that MCL 600.3236 provides, in pertinent part, the following:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter. . . .

In short, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan*, 304 Mich App at 713. Therefore, upon expiration of the mortgagor's rights in the property, the mortgagor loses standing to challenge the foreclosure. *Id.* at 713-715.

In this case, there is no dispute that the statutory redemption period for the foreclosure was six months from the date of the sheriff's sale. See MCL 600.3240. The sheriff's sale on the foreclosure occurred on April 7, 2017. Plaintiffs made no effort to redeem the property during the six-month redemption period, which expired on October 7, 2017. Therefore, plaintiffs' rights in the property were extinguished when they failed to avail themselves of the right of redemption, and plaintiffs lost standing to bring their quiet title claim against defendants. See *Bryan*, 304 Mich App at 713-715. Consequently, the trial court did not err when it granted

summary disposition on plaintiffs' quiet title claim. See *Smith*, 460 Mich at 454-455.

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron