NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0094n.06

No. 12-1169

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEITH J. MITAN, as Personal Representative of Estate of Frank J. Mitan, | ) ) ) | **FILED**<br>*Jan 25, 2013*<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) | THE EASTERN DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.   On December 12, 2012, we issued our decision in this case as an unpublished opinion.  Subsequently, we refiled our decision as a published decision on December 19, 2012.  *Mitan v. Fed. Home Loan Mortg. Corp.*, ___ F.3d ____, 2012 WL 6200257 (6th Cir. 2012).  On December 21, 2012, the Supreme Court of Michigan issued its decision in *Kim v. JPMorgan Chase Bank, N.A.*, No. 144690, 2012 WL 6858059 (Mich. Dec. 21, 2012), wherein the court, according to the Federal Home Loan Mortgage Corporation (Freddie Mac), changed the law of Michigan that we previously relied upon in this case.

On January 14, 2013, Freddie Mac filed a petition for a rehearing en banc with the clerk of court seeking a rehearing of our decision in light of *Kim*.  Freddie Mac also seeks a rehearing en banc contending that our published decision conflicts with a subsequent unpublished opinion issued by another panel of this Court on January 7, 2013.  *See El-Seblani v. IndyMac Mortg. Servs.*, No. 12-

1046, 2013 WL 69226 (6th Cir. Jan. 7, 2013). For the reasons stated below, the request to file the untimely rehearing en banc petition is denied.

Under Federal Rule Appellate Procedure 40(a)(1), a petition for a rehearing must be filed within fourteen days after the entry of the judgment. Therefore, under Rule 40, Freddie Mac's petition for a rehearing was due no later than December 26, 2012, five days after the Michigan Supreme Court of Michigan issued its decision in *Kim*. However, counsel for Freddie Mac did not file the rehearing petition motion until January 14, 2013, nineteen days beyond the deadline set forth in Rule 40.

Under 6 Cir. R. 40(a), despite counsel's extreme tardiness in filing the rehearing petition, we may extend the time to file a rehearing petition "only for the most compelling reasons." Freddie Mac's motion fails to satisfy this requirement.

Freddie Mac's counsel contends that the alleged change in Michigan law that occurred after we issued our opinion warrants our reconsideration. However, as part of our decision, we also found that genuine issues of fact exist that prevented the grant of summary judgment to Freddie Mac. Therefore, we remanded the case so the district court could make additional findings of fact concerning the issues of this case.

If there has been a change in the law of Michigan, as Freddie Mac now asserts, the district court is of course free to apply the law of Michigan that is in existence at the time of its decision. Because the district court is free to evaluate the existing law of Michigan on remand, we see no "compelling reasons" to grant the late rehearing petition. 6 Cir. R. 40(a).

Freddie Mac also argues that our published opinion conflicts with a subsequent unpublished opinion by another panel of this Court. Under 6 Cir. R. 32.1, because our opinion is published, it is binding upon later panels of this Court. Any conflict *El-Seblani* may have with our decision is not the concern of this panel and does not warrant a grant of the rehearing petition in our case. 6 Cir. R. 40(a).

Therefore, the request to file the untimely rehearing en banc petition is denied for failing to state a compelling reason. *Id*. If Freddie Mac wishes to argue that *Kim* has changed the law of Michigan after our analysis in this case, it is free to do so in the district court.