NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0936n.06

No. 12-2403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 31, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FREDERICK CHARLES PETTEY and HEIDI PETTEY, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CITIMORTGAGE, INC., | ) ) | |
| Defendant-Appellee. | ) | |

Before:  KEITH, GUY, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Plaintiffs-appellants Frederick and Heidi Pettey (the "Petteys") appeal the district court's grant of defendant-appellee CitiMortgage, Inc.'s ("CMI")  motion to dismiss and the district court's denial of their motion for reconsideration.  For the reasons set forth below, we affirm.

**I.**

**A.**

This home mortgage foreclosure case involves real property located at 1525 West Marshall Street, Ferndale, Michigan.  The Petteys purchased the property in the early 1990s and currently reside there.  On November 10, 2006, the Petteys closed a loan in the amount of $163,900 with Ross Mortgage Corporation and executed a promissory note, which was secured by a mortgage on the property.  Mortgage Electronic Registrations Systems, Inc. ("MERS"), as the nominee for Ross

Mortgage and its successors and assigns, was named the mortgagee. On April 23, 2010, MERS assigned the mortgage to CMI. CMI is the servicer of the loan.

The Petteys defaulted on their repayment obligations, and CMI foreclosed by advertisement. On January 5, 2011, six days prior to the sheriff's sale of the property, an attorney for CMI signed an affidavit of compliance that stated, in part:

> 2. This statement is being filed to show compliance with MCL 600.3204 and 600.3205 with regard to the foreclosure by advertisement of the loan herein described . . . .
>
> 3. On or about November 10, 2006 a mortgage was executed between Fredrick Charles Pettey and Heidi Pettey aka Heidi A. Pettey, husband and wife to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns for $163,900.00 on November 10, 2006, recorded November 29, 2006 in Liber 38441, Page 795, Oakland County Records.
>
> 4. Said mortgage is currently held by CitiMortgage, Inc.
>
> 5. The law firm of Orlans Associates, P.C. was retained to foreclose the above mortgage by advertisement.
>
> 6. In processing the foreclosure for the above mortgage, Orlans Associates, P.C. mailed a written Notice to the borrower(s) pursuant to MCL 600.3205(a)(1) and (2).
>
> 7. A form of the above Notice was also published in a qualified newspaper in the manner provided in MCL 600.3205(a)(4).
>
> 8. Neither the borrower(s) nor a housing counselor requested the authorized Designee to set up a meeting to modify the mortgage, within the required time period as set forth in MCL 600.3205a(1)(d).
>
> 9. More than 24 days passed since the written Notice was sent to the borrower(s), pursuant to MCL 600.3205a(1).
>
> 10. The Notice of Foreclosure was not published until Orlans Associates, P.C. complied with MCL 600.3204(4).

CMI purchased the property at the sheriff's sale held on January 11, 2011. The statutory redemption period expired on July 11, 2011. The Petteys did not attempt to redeem the property.

**B.**

On August 9, 2011, following CMI's initiation of eviction proceedings, the Petteys filed this action in the Oakland County Circuit Court. The Petteys sought to quiet title in the property to themselves, and asserted breach of Michigan Compiled Laws section 600.3205 and claims of unjust enrichment and unfair business practices. On August 30, 2011, CMI removed this case to the United States District Court for the Eastern District of Michigan on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a).

On September 27, 2011, CMI moved to dismiss all counts under Rule 12(b)(6). The district court granted CMI's motion and dismissed the suit. The district court concluded that any allegation that CMI did not have authority to initiate foreclosure proceedings was without merit because the Petteys relied on cases that had been reversed by the Michigan Supreme Court. The district court concluded that CMI was not in violation of the notice or loan-modification requirements of Michigan's foreclosure-by-advertisement statute because the Petteys had failed to take action under the statute that would have triggered CMI's notice and loan-modification obligations. And the district court concluded that all other alleged defects did not relate to the foreclosure process itself, as required under Michigan law.

The district court dismissed the Petteys' quiet-title claim for substantially similar reasons. The district court rejected their unjust-enrichment claim because there was an express contract governing the contested matter. The district court rejected their deceptive acts and unfair practices claim because there is no common-law cause of action under Michigan law for deceptive acts or unfair practices and the Petteys failed to plead a statutory cause of action. And the district court rejected the Petteys' argument that the complaint stated a cause of action for innocent

-3-

misrepresentation and constructive fraud and held, in any event, that the Petteys could not prevail because the complaint was devoid of factual allegations regarding those causes of action. The Petteys then filed a motion for reconsideration, which the district court also denied.

**II.**

Having thoroughly reviewed the record, the parties' briefs, and the applicable law, we are persuaded that the district court's grant of CMI's motion to dismiss and denial of the Petteys' motion for reconsideration were proper for the reasons stated in the district court's August 21, 2012, and September 7, 2012, opinions—with one caveat. In discussing the Petteys' argument that CMI was not the proper party to institute foreclosure proceedings, the district court noted, consistent with the law in effect at that time, that a structural defect rendered foreclosure proceedings void *ab initio*, while defects in the statutory notice requirements rendered the sale voidable. *Davenport v. HSBC Bank USA*, 739 N.W.2d 383, 384–85 (Mich. Ct. App. 2007), on which the district court relied for this proposition, has since been overruled. *See Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). "[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Id.*

Accordingly, apart from the subsequent change in Michigan law, we adopt the district court's opinions and affirm those judgments. *See Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 WL 3887206 (E.D. Mich. Sept. 7, 2012); *Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 WL 3600342 (E.D. Mich. Aug. 21, 2012).