**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0272n.06

No. 11-2178

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Mar 18, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HAIFA GORYOKA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| QUICKEN LOAN, INC.; BANK OF | ) | MICHIGAN |
| AMERICA; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Haifa Goryoka, who is represented by counsel, appeals a district court judgment dismissing her complaint in this foreclosure-by-advertisement case.

In March 2011, Goryoka sued Quicken Loans, Inc. (Quicken), Bank of America, and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively the defendants), in Michigan state court, alleging:  (1) fraud (count I); (2) violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws § 445.1651, et seq., (count II); (3) breach of contract (count III); (4) entitlement to quiet title relief (count IV); (5) violation of Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204, et seq., (count V); (6) violation of the Federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq., and the Truth in Lending Act, 15 U.S.C. § 1601, et seq., (TILA) (count VI); and (7) entitlement to injunctive relief (count VII,

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

erroneously titled in complaint as count VI). Her claims arise out of the foreclosure by advertisement of her condominium. In addition to injunctive and quiet title relief, she sought damages.

The defendants removed the action to the federal district court, *see* 28 U.S.C. § 1441. Thereafter, Quicken moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Bank of America and MERS moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The district court granted the defendants' respective motions after a hearing.

Goryoka now appeals the district court's dismissal of her claims for quiet title relief (count IV), violation of § 600.3204 (count V), violation of TILA (count VI), and injunctive relief (count VII). By failing to mention the remaining claims in her brief, these claims are deemed waived. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005).

We review de novo a "district court's dismissal [of a complaint] for failure to state a claim" upon which relief may be granted pursuant to Rule 12(b)(6). *Lawrence v. Welch*, 531 F.3d 364, 372 (6th Cir. 2008). To survive that analysis, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We apply the same de novo standard of review to a Rule 12(c) motion. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Matters of public record may be considered on a motion to dismiss. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

Under Michigan law, a plaintiff's rights in and title to property are extinguished once the redemption period expires. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 167 N.W.2d 784,

785 (Mich. Ct. App. 1969); *see also Overton v. Mortg. Elec. Registration Sys*., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (holding that filing suit does not toll the redemption period). In the instant case, the redemption period expired on March 28, 2011, the date Goryoka filed the underlying action. Because Goryoka failed to sufficiently plead fraud or irregularity, the district court properly dismissed her complaint.

Goryoka first argues that the district court erred in dismissing count V, alleging violations of Michigan's foreclosure by advertisement statute. *See* Mich. Comp. Laws § 600.3204, et seq. Goryoka's verified complaint alleged that the defendants violated the foreclosure statute because the parties "were discussing modification of the subject loan, [Goryoka] being told the sale would not take place, when Defendant instituted foreclosure without giving required notices." It also alleged that Goryoka was "not personally notified of foreclosure proceedings and [was] not [a party] to any such proceeding." Further, she "learned of the foregoing [foreclosure proceeding] when served with notice of Sheriff's sale."

Goryoka's allegations of modification discussions were insufficient to avoid the foreclosure. Under Michigan state law, no action to enforce a promise to modify can be brought against a financial institution unless the promise is written and signed. Mich. Comp. Laws § 566.132(2); *see Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). While Goryoka did allege irregularities in the notice of the foreclosure sale, her allegations consist of conclusory assertions that the defendants failed to send "required notices." Bank of America and MERS attached to their motion for judgment on the pleadings a Sheriff's Deed recorded with the Oakland County (Michigan) Recorder of Deeds, stating that statutory notice of the foreclosure was sent to Goryoka, posted on the front door of the property, and published in a newspaper. Recorded along with the Sheriff's Deed is an Affidavit of Mich. Comp. Laws § 600.3205a Notice, stating that "the time for a housing counselor to notify the person designated under [§] 600.3205a(1)(c) of a request

by the borrower(s) has expired without a request for a meeting." Goryoka does not contest the validity of the Sheriff's Deed or the Affidavit in her brief on appeal.

Goryoka's conclusory statements alleging a defective notice are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678; *see Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). Goryoka's reliance on *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952–53 (6th Cir. 2012), does not avoid this result. For one thing, *Mitan* involved a borrower who alleged that his lender had approved a loan modification. Goryoka, on the other hand, merely alleges that she was "discussing" modification of the loan. For another, *Mitan* relied on *Davenport v. HSBC Bank USA*, 739 N.W.2d 383 (Mich. 2007), for the proposition that some defects in a foreclosure can render it "absolutely void." *Mitan*, 703 F.3d at 952. After *Mitan* was decided, the Michigan Supreme Court abrogated *Davenport*, holding that all foreclosure defects are "voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). The district court was correct to dismiss count V.

Goryoka next argues that the district court erred in dismissing the portion of count VI alleging her TILA claim. The district court found this claim to be barred by the applicable statute of limitations, *see* 15 U.S.C. § 1635(f) and 1640(e), and to be based on mere conclusory allegations. Other than general citations to the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, Goryoka does not address the district court's dismissal of this claim. Because she has failed to present a developed legal argument, she has waived this claim on appeal. *See Brooks v. Tennessee*, 626 F.3d 878, 891 (6th Cir. 2010); *United States v. Villareal*, 491 F.3d 605, 611 (6th Cir. 2007).

Goryoka also argues that the district court erred in dismissing her requests to quiet title and for injunctive relief. The district court correctly found that these requests are remedies and are not separate causes of action. Therefore, counts IV and VII were properly dismissed.

Finally, Goryoka argues that, even if the above claims failed to state a claim, the district court erred in dismissing her complaint without allowing her leave to amend. The record reveals that Goryoka did not move for leave to amend her complaint in the district court or file a proposed amended complaint. We thus need not address this claim on appeal. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000).

The district court's judgment is affirmed.