NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0045n.06

No. 13-1397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL VANDERHOOF;<br>CHERYL VANDERHOOF, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DEUTSCHE BANK NATIONAL TRUST, | ) | |
| As Trustee for GSAA Home Equity; GSAA | ) | |
| HOME EQUITY TRUST 2007-5; ASSET | ) | |
| BACKED CERTIFICATES SERIES 2007-5; | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, GRIFFIN, and KETHLEDGE; Circuit Judges.

PER CURIAM. Plaintiffs-Appellants Michael Vanderhoof and Cheryl Vanderhoof (Plaintiffs) appeal the district court's dismissal of their action seeking to set aside the foreclosure sale of mortgaged property in Ann Arbor, Michigan. We affirm.

**I.**

In January 2007, Plaintiffs refinanced their property located at 1340 North Territorial Road, Ann Arbor, Michigan. They obtained a loan from nonparty GreenPoint Mortgage Funding, Inc., in the amount of $956,000. As security for the loan, they granted Mortgage Electronic Systems, Inc. (MERS), and its successors and assigns, a mortgage on the property.

1

The mortgage indicates that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." Pg. ID #169. In February 2009, the mortgage was recorded in the Washtenaw County Register of Deeds. In June 2010, MERS assigned the mortgage to Deutsche Bank and the assignment was recorded in the Washtenaw County Register of Deeds.

At some point the note was sold to a trust with a closing date in April 2007.

The property encumbered by the mortgage has a tax parcel identification number of B-02-19-200-021. The correct legal description for the property, which refers to the property at Parcel C, is attached as Exhibit A to both the mortgage and the assignment. The property includes a right-of-way easement over an adjacent parcel of land, Parcel B (tax parcel identification number of B-02-19-200-020). Parcel B is vacant land.

Plaintiffs defaulted on the mortgage and Deutsche Bank proceeded with foreclosure by advertisement proceedings against Plaintiffs in accordance with Mich. Comp. Laws § 600.3204. On January 27, 2011, Deutsche Bank purchased the property at a foreclosure sale. The sheriff's deed contains the same legal description found in the mortgage—including the reference to the easement.

The redemption period expired on January 27, 2012. Plaintiffs did not redeem the property, but filed a lawsuit instead. Plaintiffs claimed that the foreclosure was wrongful because Defendants-Appellees Deutsche Bank National Trust as Trustee for GSAA Home Equity, GSAA Home Equity Trust 2007-5, Asset Backed Certificates, Series 2007-5, and Mortgage Electronic Registration Systems, Inc., foreclosed on an additional ten acres of property that was not subject to the mortgage loan. Plaintiffs also contended that Deutsche Bank lacked standing to foreclose because the assignment of the mortgage from MERS to Deutsche Bank was invalid. Plaintiffs asserted the following causes of action: (1) lack of standing to foreclose under

2

Mich. Comp. Laws § 600.3204 (Count I); (2) fraud in violation of Mich. Comp. Laws § 600.2907a (Count II); (3) quiet title (Count III); (4) fraudulent conveyance in violation of Mich. Comp. Laws § 565.371 (Count IV); and (5) breach of contract (Count VI). Defendants removed the action to federal court on diversity grounds and moved for summary judgment.

The district court granted summary judgment to Defendants, holding that Plaintiffs failed to redeem the property within the statutory redemption period and failed to establish fraud or irregularity in the foreclosure proceedings. The court also held that Plaintiffs could not challenge the assignment because they were not parties to it; that MERS could assign the mortgage to Deutsche Bank; that Deutsche Bank had standing to foreclose on the property; and that any securization of the note did not impact the foreclosure. The court found that Plaintiffs could not quiet title in their names; that any reference to Parcel B on the Sheriff's deed did not affect the foreclosure; that Plaintiffs failed to allege a cause of action under Mich. Comp. Laws § 600.2097a; that Plaintiffs' fraud claims are barred by the economic loss doctrine and they were not plead with particularity; and that Plaintiffs failed to allege that Defendants breached any contract.

Plaintiffs make several arguments on appeal.

## II.

We review the district court's grant of summary judgment de novo. *Bowling Green v. Martin Land Dev. Co.*, 561 F.3d 556, 558 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree that the substantive law of Michigan applies.

3

## A.

In Michigan, non-judicial foreclosures, or foreclosures by advertisement, are governed by statute. Under Michigan law, "once a foreclosure is complete and the redemption period following the foreclosure has expired, a former owner loses all right, title, and interest in and to the mortgaged property." *Munaco v. Bank of Am.*, 513 F. App'x 508, 510 (6th Cir. 2013) (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); Mich. Comp. Laws Ann. § 600.6236)); *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 2013 WL 4529871, at *2 (6th Cir. 2013); *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). Plaintiffs did not redeem within the statutory redemption period.

Nonetheless, Michigan law allows the mortgagors to set aside the foreclosure sale if they make a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself. *Carmack*, 534 F. App'x at 510-11; *Conlin*, 714 F.3d at 359-60. This standard is a high one. *Conlin*, 714 F.3d at 360. Thus, the question becomes whether Plaintiffs made a sufficient showing of fraud or irregularity in the foreclosure sale to warrant its rescission. *El-Seblani v. IndyMac Mortg., Servs*, 510 F. App'x 425, 429-30 (6th Cir. 2013).

First, Plaintiffs argue that the district court erred in holding that they lacked standing to challenge the foreclosure. In several recent decisions, this court has clarified that the proper inquiry is not whether the plaintiffs had standing, but whether their claims met "the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *Id.* at 429. *See also Carmack*, 534 F. App'x at 510, n.2 (same); *Smith v. Litton Loan Servicing, LP*, 517 F. App'x 395, 396-97 (6th Cir. 2013) ("The 'standing' that [the plaintiff] refers to is not standing in the Article III sense, but rather a Michigan state-law requirement that is functionally similar to a

4

statute of limitations."); *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 467 & n.2 (6th Cir. 2012), *cert. denied*, 134 S. Ct. 98 (2013); *Houston v. United States Bank Home Mortg. Wis. Servicing*, 505 F. App'x 543, 548 (6th Cir. 2012); s*ee generally Conlin*, 714 F.3d at 359-60 (observing that courts have classified the question as one of standing or as a merits determination, but noting that under either standard, the plaintiff must meet the high standard of showing fraud or irregularity in the proceedings after the statutory redemption period has lapsed). Although the district court used the word standing, it clearly applied this high standard and made a merits determination that none of Plaintiffs' claims established fraud or irregularity to justify setting aside the foreclosure.

We now turn to those claims challenged on appeal.

**B.**

Plaintiffs argue that Deutsche Bank lacked standing to foreclose because it did not have "a legitimate ownership in the indebtedness as required by MCL 600.3204." Appellant's Br. at 19. They claim that Deutsche Bank lacked an ownership interest in the mortgage and the note because the assignment of the mortgage from MERS to Deutsche Bank occurred four years after the loan was sold to a trust and after the trust's closing date.

The Michigan Supreme Court has made clear that a mortgage granted to MERS as mortgagee and nominee for the lender and the lender's successors and assigns is a valid and assignable mortgage. *See Residential Funding Co. L.L.C. v. Saurman*, 805 N.W.2d 183, 183-84 (Mich. 2011) (order); *Carmack*, 534 F. App'x at 515. The mortgage clearly gave MERS this authority. Thus, after MERS assigned the mortgage in 2010, Deutsche Bank had standing to foreclose on the property as mortgagee of record. See Mich. Comp. Laws § 600.3204(1)(d) ("The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in

5

the indebtedness secured by the mortgage or the servicing agent of the mortgage."). Plaintiffs do not dispute that Deutsche Bank had a recorded chain of title prior to the foreclosure.

Plaintiffs also allege a "clear conflict" between the alleged ownership interest of Goldman Sachs Mortgage Company (GSMC) and Deutsche Bank because MERS's servicing investor information listed Goldman Sachs as the investor of the loan and not Deutsche Bank. This argument is rejected. As the district court noted, "[b]y plaintiffs' own allegations, the trust acquired the note (and thereby its equitable interest in the mortgage) in 2007, prior to the alleged closing date." Pg ID #513. Thus, as the district court held, "[e]ven if someone other than Deutsche Bank was an investor, it is undisputed that Deutsche Bank acquired the note in 2007, prior to the closing date of the trust." Pg ID #519. Plaintiffs fail to explain how GSMC's ownership of the indebtedness when the loan was originated affected Deutsche Bank's ability to foreclose.

In short, Plaintiffs fail to clearly allege, let alone establish, prejudice (such as the risk of double liability) from the assignment of the note to the trust, and therefore fail to make "a clear showing of fraud, or irregularity" to permit setting aside the statutory foreclosure. *Conlin*, 714 F.3d at 359 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). *See Carmack*, 534 F. App'x at 511-13. Nor can Plaintiffs' "robo-signing" theory support this action. *See Conlin*, 714 F.3d at 362.

## C.

Plaintiffs contend that Defendants violated Mich. Comp. Laws § 600.2907a by foreclosing on property not encumbered by a mortgage. This contention is without merit. The property encumbered by the mortgage is referred to as Parcel C and has a tax parcel identification number of B-02-19-200-021. The correct legal description for the property is

clearly noted on both the mortgage and the assignment. The property encumbered by the mortgage includes a right-of-way easement over an adjacent vacant parcel of land, which is referred to as Parcel B, which has a separate tax parcel identification number (B-02-19-200-020). The mortgage, assignment, and sheriff's deed contain the same legal description of the easement, as shown in the following:

> Parcel C: [legal description of property] . . .

> Together with and subject to a 66-foot wide easement for ingress and egress and public utilities, centerline described as [legal description of property] . . . .

> Further, subject to rights of others in the use of a private road easement not maintained by any governmental unit, which provides ingress and egress to and from North Territorial Road, rights of the public in any portion of the land and the easement for ingress and egress taken, used or deeded for street, road or highway purposes in North Territorial Road[.]

Pg ID # 183; *see also* 199; 202.

As the district court held, the reference on the sheriff's deed to the easement located on Parcel B "did not, and could not, foreclose on Parcel B because it is not encumbered by the mortgage. Parcel C is subject to the mortgage and was the property which was foreclosed." Pg ID #520. As the district court noted, the reference to Parcel B on the sheriff's deed "was in relation to the easement." *Id.* That's all.

And, as the district court further observed, this type of easement by necessity "passes with each successive transfer of the title." *Bean v. Bean*, 128 N.W. 413, 419 (Mich. 1910). This principle applies equally to the foreclosure of a mortgage on the dominant parcel. *See Manciu v. Resseguie*, No. 261393, 2005 WL 1652182, at *1 (Mich. Ct. App. July 14, 2005) (per curiam). Furthermore, the "whole of the deed" reflects that the intent of the sheriff's deed conveyed only the interest covered by the mortgage since it contains the same legal description that is contained in the mortgage—including the same reference to the easement. *See Barriger Family Trust v.*

*Twp. of Forsyth*, No. 295683, 2011 WL 2203032, at *1 (Mich. Ct. App. June 7, 2011) (per curiam) (noting that "in arriving at the intent of parties as expressed in the instrument, consideration must be given to the whole [of the deed]"; internal quotation marks and citation omitted).[1]

**D.**

Plaintiffs claim that they were entitled to prevail on their quiet title claim because they established that Defendants foreclosed on property not encumbered by the mortgage, violating Mich. Comp. Laws § 600.3204(1)(d) in the process. They therefore maintain that the foreclosure is void and summary judgment for Defendants was improper. For the reasons discussed above, this contention is without merit.

**E.**

For the first time on appeal, Plaintiffs assert that Defendants "clearly slandered" title to the property. Issues raised for the first time on appeal are forfeited. *United States v. Kennedy*, 714 F.3d 951, 959 (6th Cir. 2013).

**F.**

Plaintiffs also contend that the district court erred in granting summary judgment on their breach of contract claim. Specifically, they allege that the splitting of the note from the mortgage breached the mortgage agreement. But this claim also seeks to set aside the foreclosure. And because Plaintiffs have not established any fraud or irregularity in the foreclosure, the expiration of the redemption period bars their breach of contract claim.

---

[1]*US Bank, N.A. v. Whittier*, No. 293481, 2010 WL 4628692 (Mich. Ct. App. Nov. 16, 2010), does not apply. That case involved the reformation of a mortgage because a clear mistake had been made regarding which parcels were encumbered by the mortgage. Here, the record evidence establishes that the property encumbered by the mortgage was Parcel C and the 66-foot wide easement on Parcel B. *In re Estate of Olson*, No. 283818, 2009 WL 3103841, at*2 (Mich. Ct. App. Sept. 29, 2009) (per curiam) , dealt with the number of acres subject to a mortgage that included the house plus "excess acreage" as defined in the HUD guidelines. It is also inapposite.

8

**III.**

Because the claims Plaintiffs raised in connection with the foreclosure sale are without merit, we hold that they failed to meet the "fraud or irregularity" standard and are therefore not entitled to rescission of the foreclosure sale. For the reasons discussed here and in the district court's memorandum and order granting Defendants' Motion for Summary Judgment, we AFFIRM the judgment of the district court.