**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0789n.06

Case No. 14-1253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 17, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SUZANNE A. DERBABIAN; EDWARD DERBABIAN, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| BANK OF AMERICA, N.A., Successor to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP; COUNTRYWIDE HOME LOANS, INC., | ) ) ) ) | O P I N I O N |
| Defendants-Appellees. | | |

BEFORE:    COLE, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

COLE, Chief Judge.   Suzanne and Edward Derbabian sued Bank of America, N.A., and Countrywide Home Loans, Inc., after their house was foreclosed.  The district court dismissed all of the Derbabians' causes of action with prejudice, concluding that they either failed to state a claim or were barred by the applicable statute of limitations, and entered judgment accordingly. We agree with the district court's decision and affirm its judgment.

## I. BACKGROUND

The Derbabians lived in a house located at 4572 Brightmore Road, Bloomfield Hills, Michigan (the "property").  On February 23, 2005, they entered into a mortgage loan transaction for the property with Countrywide.  Suzanne Derbabian executed a promissory note for

$633,750.00 as part of the transaction; Edward Derbabian was not a party to the note. As security for the loan, both Suzanne and Edward Derbabian granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS")—the nominee for America's Wholesale Lender. The Derbabians also executed an Adjustable Rate Rider, which stated, "THE NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT." On March 23, 2005, the mortgage was recorded with the Oakland County Register of Deeds.

On October 18, 2011, MERS assigned the mortgage to non-party The Bank of New York Mellon ("BNYM") and the assignment was recorded on November 14, 2011, with the Oakland County Register of Deeds.[1]

At some point, the Derbabians defaulted on the loan. BNYM, the mortgagee, initiated foreclosure-by-advertisement proceedings. On November 4, 2011, BNYM served the Derbabians with notice of the proceedings as required by Michigan Compiled Laws § 600.3205a. The Derbabians responded to the notice and requested a meeting pursuant to Michigan Compiled Laws § 600.3205b, which allows a mortgagor to attempt to modify the loan after receiving notice. No agreement was reached, however, and BNYM determined that the Derbabians were not eligible for a loan modification. BNYM published notice of the foreclosure in Oakland County Legal News—a newspaper circulated in Oakland County—on February 29, March 7, March 14, and March 21, 2012. It also posted notice of the foreclosure sale on the front door of

---

[1] In paragraph 7 of the complaint, the Derbabians alleged that they financed the property with Countrywide by signing two notes and mortgages, one for $650,000.00 and another for $131,250.00. The district court observed that the complaint and related documents only reflect the existence of one promissory note for $633,750.00, but no second note or mortgage for $131,250.00 or any note or mortgage signed "[o]n or about October 24, 2005," as stated in the complaint. Citing to the same page as paragraph 7 of the complaint, the Derbabians' opening appellate brief claims that they signed two notes and mortgages, the first for $633,750.00, but does not otherwise address the district court's observation.

the property on March 5, 2012. BNYM then purchased the property at the foreclosure sale on November 6, 2012. Under Michigan law, the Derbabians could have redeemed the property within six months of the sale, but did not do so. Mich. Comp. Laws § 600.3240(8).

On May 21, 2013, the Derbabians filed this suit in Michigan state court. On June 28, 2013, the defendants removed the action to the United States District Court for the Eastern District of Michigan. The Derbabians asserted eight causes of action: (1) fraudulent misrepresentations; (2) breach of contract; (3) violation of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; (4) violation of 15 U.S.C. § 1639; (5) violation of Michigan Compiled Laws §§ 600.3204, *et seq.*; (6) quiet title; (7) slander of title; and (8) injunctive relief.

The defendants moved to dismiss the complaint and the district court granted the motion on all causes of action, dismissing the action with prejudice and entering judgment simultaneously. The court concluded that the Derbabians failed to state a claim for fraudulent misrepresentation, breach of contract, violation of RESPA, quiet title, and slander of title. The court also concluded that the TILA, Section 1639, and Michigan state law claims were barred by the relevant statute of limitations. The Derbabians now appeal the district court's rulings with respect to the claims concerning fraudulent misrepresentation, breach of contract, TILA, Michigan Compiled Laws §§ 600.3204, *et seq.*, quiet title, and slander of title.

## II. ANALYSIS

### A. Standard of Review

We review a district court's dismissal of a complaint *de novo*. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 608–9 (6th Cir. 2009). Under Federal Rule of Civil Procedure 8(a)(2), a

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Naked assertions "without some further factual enhancement . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 557 (internal punctuation omitted). Although a complaint "does not need detailed factual allegations," it still must provide "more than labels and conclusions," *id.* at 555, because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In particular, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Generally, a court's consideration of a motion to dismiss under Federal Rule 12(b)(6) is limited to the pleadings, and reference outside the pleadings may convert the motion into one for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). Such documents include public records that are not attached to the pleadings. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *see also Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013) ("Matters of public record may be considered on a motion to dismiss.").

**B. Discussion**

*1. Fraudulent Misrepresentation*

The Derbabians contend that the district court improperly concluded that they failed to state a claim for fraudulent misrepresentation. Under Michigan law, a plaintiff charging fraudulent misrepresentation must plead:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*U. S. Fid. & Guar. Co. v. Black*, 313 N.W.2d 77, 82 (Mich. 1981) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). In addition, Federal Rule of Civil Procedure 9(b) requires a plaintiff bringing a fraud claim to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiffs alleging fraud should therefore "specify the statement they contend is fraudulent, identify the speaker, time, and location of the statement, and explain why the statement is indeed untrue or a misrepresentation." *Rautu v. U.S. Bank*, 557 F. App'x 411, 414 (6th Cir. 2014).

The Derbabians argue that their complaint provides the date the loan was closed. Appellants' Br. 5–6. They assert that the defendants represented that their payments would fully amortize the loan; that the appraisal secured by the Derbabians established that the value of the property exceeded the amount of the loan; "that all terms, conditions and circumstances had been adequately and fully disclosed as required by law"; and that the interest rate for the loan was one percent. *Id.* at 6. These statements were false, they claim, because the loan is negatively amortized; the appraisal failed to account for various economic factors; the defendants did not provide all "required notices and disclosures"; and the interest rate kept changing. *Id.* at 6–7.

They contend that the defendants knew their representations were false and the misrepresentations were intended to induce the Derbabians' reliance. *Id.* at 6–7. According to the Derbabians, they "have suffered economic loss" as a result of the challenged statements. *Id.* at 7.

The Derbabians failed to adequately plead fraudulent misrepresentation with the requisite specificity. As the district court rightly concluded, they have not pointed to any fraud committed by the defendants. Construed liberally, the complaint is little more than "a formulaic recitation of the elements of [the] cause of action" insufficient to meet the heightened standards of Rule 9(b). *Twombly*, 550 U.S. at 555. With regard to the claimed falsities, the Derbabians do not "identify the exact speaker, the precise statement made, or the date when and the place where the statement was uttered." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 498 (6th Cir. 2014). Nor do they claim that any of the alleged misstatements concerned material information. The complaint is bereft of any factual detail sufficient to render the Derbabians' claim plausible. *See Twombly*, 550 U.S. at 556. The district court properly dismissed this cause of action.[2]

### 2. Breach of Contract

The Derbabians argue that the district court improperly concluded that they failed to state a claim for breach of contract. To recover for breach of contract under Michigan law, a plaintiff

---

[2] The defendants assert that even if the Derbabians had adequately pleaded fraud, their claims are barred by the statute of limitations because the fraudulent conduct allegedly occurred when the loan was executed—February 23, 2005—and the six-year statute of limitations had passed by the time the complaint was filed on May 21, 2013. Appellees' Br. 5–6. Although this argument was raised in the motion to dismiss, the district court did not address it. The defendants are correct that "Michigan employs a six-year statute of limitations for fraud actions," *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing Mich. Comp. Laws. § 600.5813), and thus this cause of action appears to be barred. Because the Derbabians failed to state a claim in any event, there is no need to address this issue.

must allege: (1) the existence of a contract; (2) the terms of the contract; (3) that the defendant breached the contract; and (4) that the breach caused the plaintiff's injury. *See Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). "Under Michigan state law, no action to enforce a promise to modify [a loan] can be brought against a financial institution unless the promise is written and signed." *Goryoka*, 519 F. App'x at 928 (citing Mich. Comp. Laws § 566.132(2) and *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000)).

The district court correctly concluded that the Derbabians failed to state a claim for breach of contract. The Derbabians allege that the defendants breached the loan agreement "by failing to disclose material facts, by making false and misleading statements and by having Plaintiff[s] rely on a grossly inflated appraisal." Compl. ¶ 31. They do not, however, provide any further explanation, including the relevant terms of the loan agreement, how the agreement was breached, and how that breach harmed them. Because the Derbabians did not adequately plead each element of the cause of action, the breach of contract claim was properly dismissed.

In its order, the district court surmised that the Derbabians might be basing their breach of contract claim on an allegation that the defendants promised them a loan modification, but did not offer them one. Though the Derbabians appear to make this allegation and argument in their briefs on appeal, we cannot discern such an allegation in their complaint or such an argument in their opposition brief to the motion to dismiss. As we have said, "[i]ssues that are not squarely presented to the trial court are considered waived and may not be raised on appeal." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996). To the extent they were properly made before the district court, this court has recognized that Michigan law prohibits actions against financial institutions based on unwritten and unsigned promises to modify a loan.

*Goryoka*, 519 Fed. App'x at 928. The Derbabians do not allege in their complaint that the defendants made any promise in writing to modify the loan. The district court therefore properly concluded that the Derbabians' cause of action cannot survive on this alternative set of facts.

The Derbabians cite *Mounzer v. American Home Mortgage Servicing, Inc.*, No. 289356, 2010 WL 334691 (Mich. Ct. App. Jan. 28, 2010), for the proposition that an oral agreement to reinstate a mortgage can be binding where performance is tendered. Appellants' Br. 11. Their argument is unavailing, however, because *Mounzer* does not support that principle. While the plaintiff in *Mounzer* did assert that an oral agreement to reinstate a mortgage should be enforceable, the court did not address the validity of that proposition. *See Mounzer*, 2010 WL 334691, at *1; *see also Gandhi v. Fannie Mae*, No. 13-cv-12710, 2013 WL 4496274, at *3 (E.D. Mich. Aug. 21, 2013) (stating that *Mounzer* "did not involve the statute of frauds nor hold that an oral agreement to reinstate a mortgage can be binding where performance is tendered"). On the other hand, Michigan state courts have consistently reaffirmed that agreements relating to loans from a financial institution must be in writing to be enforceable. *See, e.g.*, *Huntington Nat'l Bank v. Daniel J. Aronoff Living Trust*, No. 309761, 2014 WL 1267287, at *7 (Mich. Ct. App. Mar. 27, 2014) ("[T]he party seeking to enforce the promise or commitment must present evidence that the promise or commitment itself was reduced to writing and properly signed."); *Edgett v. Flagstar Bank*, No. 311092, 2014 WL 783573, at *5 (Mich. Ct. App. Feb. 25, 2014). So has this court. *See, e.g.*, *Khadher v. PNC Bank, N.A.*, No. 13-2708, 2014 WL 4057880, at *5 (6th Cir. Aug. 18, 2014); *Blackward Properties, LLC v. Bank of Am.*, 476 F. App'x 639, 640 (6th Cir. 2012). Even if the Derbabians were correct about *Mounzer*, it still would not help them because the complaint does not plead the existence of any oral agreement between the parties.

### 3. Violation of TILA

The Derbabians contend that the district court erred by holding that their TILA claim fails because it is barred by the applicable statute of limitations. TILA requires those who extend loans to "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 714 (6th Cir. 2013) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)). "[A]ny action under [TILA] may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period for claims alleging violation of disclosure requirements begins running when the agreement is entered and the lender does not make the required disclosures. *See Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (citing *Wachtel v. West*, 476 F.2d 1062, 1065–66 (6th Cir. 1973)); *see also Khadher*, 2014 WL 4057880, at *6 (explaining that the "occurrence of the violation" is the date of the loan agreement). "For claims arising under 15 U.S.C. § 1639(f), pertaining to negative amortization, the statute of limitations is extended to three years from 'the date of the occurrence of the violation.'" *Khadher*, 2014 WL 4057880, at *6 (citing 15 U.S.C. § 1640(e)).

This claim is barred by the statute of limitations: the loan was obtained on February 23, 2005, and the complaint was filed May 21, 2013—more than seven years after the statute of limitations passed. To the extent the Derbabians are attempting to make a claim based on negative amortization, the three-year statute of limitations has also long passed. *Id.* Even if it was not time-barred, the Derbabians' claim would still fail because they do not adequately plead any specific violations of TILA. *See id.* (holding that the plaintiff's "argument fails because he does not explain how [the defendant] violated these sections").

The Derbabians cite to another portion of TILA's statute of limitations in arguing that their claim is timely. Appellants' Br. 11-12. That provision states that the statute of limitations

> does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

15 U.S.C. § 1640(e). The statute further states:

> Notwithstanding any other provision of law, when a creditor, assignee, or other holder of a residential mortgage loan . . . initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan, a consumer may assert a violation by a creditor of paragraph (1) or (2) of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under subsection (e).

15 U.S.C. § 1640(k)(1). The Derbabians thus claim a defense by recoupment or set off against the "nonjudicial" foreclosure.

The problem with the Derbabians' recoupment and set-off argument is that they are not raising TILA violations "as a matter of defense"; on the contrary, they brought this suit—an affirmative action—seeking damages and other relief. As one court explained, "This expanded statute of limitations applies only to actions to defend against a foreclosure including claims for recoupment." *Bhandari v. Capital One, N.A.*, No. 12-4533 PSG, 2013 WL 1736789, at *5 (N.D. Cal. Apr. 22, 2013). In other words, the one-year statute of limitations applies to "offensive" TILA claims like this one, thereby barring it. *See Qadeer v. Bank of Am., N.A.*, No. 12-14310, 2013 WL 424776, at *4 (E.D. Mich. Feb. 4, 2013). In any event, the foreclosure has already occurred here, so even if the statute of limitations did not apply, these provisions do not help the Derbabians.

### 4. Michigan Compiled Laws § 600.3204, et. seq.

The Derbabians contend that the district court wrongly concluded that they failed to state a claim under Michigan Compiled Laws §§ 600.3204, *et seq.* In Michigan, non-judicial foreclosures, or foreclosures by advertisement, are governed by statute. *See* Mich. Comp. Laws § 600.3204. A lender must provide a borrower with an opportunity "to attempt to work out a modification of the mortgage loan to avoid foreclosure" before proceeding with foreclosure by advertisement. Mich. Comp. Laws § 600.3205a(1)(d). After a foreclosure by advertisement occurs and the property is sold at a sheriff's sale, Michigan law provides the defaulting mortgagor with a statutory period of time in which to redeem the property. Mich. Comp. Laws § 600.3240(8); *Edgett*, 2014 WL 783573, at *4 (citation omitted). If the property is not timely redeemed, the mortgagor loses all right, title, and interest in the property. Mich. Comp. Laws § 600.3236; *Goryoka*, 519 F. App'x at 927 ("Under Michigan law, a plaintiff's rights in and title to property are extinguished once the redemption period expires.").

"Michigan law allows the mortgagors to set aside the foreclosure sale if they make a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 F. App'x 355, 357 (6th Cir. 2014); *see also Elsheick*, 2014 WL 2139140, at *5; *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). The standard to do so is high. *Vanderhoof*, 554 F. App'x at 357. In addition, the mortgagor must show prejudice, i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). This showing can be made by demonstrating an ability to redeem the property. *See Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). A mortgagor "has not plausibly alleged such prejudice" if "she has not alleged

that she qualified for loan modification before the sheriff's sale." *Olson v. Merrill Lynch Credit Corp.*, No. 13-1981, 2014 WL 3930459, at *5 (6th Cir. Aug. 8, 2014).

The district court properly rejected the Derbabians' claim. The Derbabians do not adequately or plausibly allege any fraud or irregularity in the foreclosure sale sufficient to set aside the foreclosure. They complain that the defendants foreclosed the property "without giving required notices" or offering a loan modification to them. Under Michigan Compiled Laws § 600.3204(4), foreclosure by advertisement cannot occur unless the mortgagor is provided certain notices. Mich. Comp. Laws § 600.3204(4) (2011). However, the Derbabians do not allege what notices they were not given, and the bare assertion that the defendants failed to give "required notices" does not meet the minimal pleading standards of Rule 8. More importantly, the sheriff's deed reflecting the foreclosure sale shows that the Derbabians were given the statutorily required notices.

As for the allegation that the defendants did not offer to modify the Derbabians' loan, the deed also indicates that BNYM did communicate with the Derbabians concerning a loan modification, but no agreement was reached and they were determined to be ineligible. Nothing more was needed since "Michigan's statutory loan modification process does not require that the lender modify a loan, but requires only that the lender give notice and an opportunity for loan modification." *Thompson v. JPMorgan Chase Bank, N.A.*, 563 F. App'x 440, 443 (6th Cir. 2014); *Edgett*, 2014 WL 783573, at *4 ("If the borrower was not eligible upon making the calculations [for loan modification], the lender could proceed with foreclosure by advertisement."). The Derbabians have not plausibly alleged that these steps were not taken.

Even if the Derbabians adequately pleaded fraud or irregularity in the foreclosure process, they have not adequately pleaded prejudice. They did not allege that they could redeem

the property or could have paid off their debt. They also did not allege that they qualified for loan modification. Accordingly, the district court correctly dismissed the complaint. *Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 369 (6th Cir. 2014) (affirming district court's dismissal of complaint because the plaintiff "does not make any mention of prejudice in this section of her argument, despite the necessity of establishing prejudice in order to have the sheriff's sale set aside").

The Derbabians rely on *Mitan v. Federal Home Loan Mortgage Corp.*, 703 F.3d 949 (6th Cir. 2012), to support their argument that the foreclosure was void and the redemption period never began because of the defendants' violation of Michigan Compiled Laws § 600.3404. In *Mitan*, we held that a foreclosure by advertisement that violates Michigan Compiled Laws § 600.3204 is void and no redemption period can begin. *Id.* at 952. That principle, however, has since been abrogated by the Supreme Court of Michigan in *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 330 (Mich. 2012), which held instead that any foreclosure sale that occurs without complying fully with the statute is voidable rather than void *ab initio*. The district court here had already explained that *Mitan* was abrogated by *Kim*, and this court has repeatedly recognized that *Mitan* is no longer good law on that point since *Kim* was decided. *See, e.g.*, *Goryoka*, 519 F. App'x at 928; *Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360, 367 (6th Cir. 2013). In any event, the redemption period has now lapsed: the Derbabians "brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert." *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012).

The Derbabians' remaining argument that a "mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding" is unavailing. Appellants' Br. 15 (quoting *Mfrs. Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich.

Ct. App. 1985)). As a practical matter, the sale has already occurred. Even if it has not, *Snell* does not help the Derbabians because the fact that they may test the validity of the sale does not mean that they are entitled to relief. As discussed above, the redemption period has expired and the Derbabians have failed to adequately plead fraud or prejudice sufficient to set aside the foreclosure. The district court therefore properly dismissed this claim. *See Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 F. App'x 543, 548–49 (6th Cir. 2012) (finding wrongful-foreclosure claim failed despite hold-over right because redemption period lapsed); *Jackson v. Laker Grp., L.L.C.*, No. 261588, 2005 WL 2901787, at \*2 (Mich. Ct. App. Nov. 3, 2005) (holding that a hold-over to challenge the validity of a foreclosure sale must occur before the redemption period lapses).

### 5. Quiet Title

The Derbabians argue that the district court improperly dismissed their claim for quiet title. Michigan law allows any person who claims any right, title, or interest in land—whether the person is in possession or not—to bring an action to quiet title. Mich. Comp. Laws § 600.2932. The plaintiff bears the burden of proof and must make a prima facie case that he or she has superior title or right to the property. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999); *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). If the plaintiff makes such a showing, the burden then shifts to the defendant to prove superior right or title. *Stinebaugh*, 347 N.W.2d at 221.

The Derbabians have not made a prima facie showing that their title to the property is superior and, therefore, the district court properly dismissed this cause of action. The pleadings and other documents incorporated by reference reflect that the Derbabians entered into a

- 14 -

mortgage transaction, and the Derbabians do not dispute that they defaulted on their loan. As discussed above, the Derbabians have not plausibly alleged that the loan transaction was invalid and that the foreclosure was improper. *See Edgett*, 2014 WL 783573, at *4 ("Setting aside the foreclosure sale would be the only mechanism by which title could even conceptually be quieted in plaintiff's favor."). Indeed, nowhere in the complaint do the Derbabians allege that they have superior title, and their bare assertion in their briefs that they "have sworn to ample grounds to quiet title," Appellants' Br. 17, Reply 12, without specifying those grounds, is insufficient to state a claim. Therefore, they have not shown that their right to the property is superior and that they are entitled to quiet title. To the extent that the Derbabians argue that this court should use its equitable powers to quiet title, they also fail to demonstrate entitlement to such relief. *See Khadher*, 2014 WL 4057880, at *5 (rejecting plaintiff's request that court use equitable powers to quiet title based on fraud because plaintiff "points to no evidence of such violations to warrant this equitable remedy"). The district court properly dismissed this cause of action.

### 6. Slander of Title

The Derbabians argue that the district court improperly dismissed their cause of action for slander of title. "In Michigan, slander of title claims have both a common-law and statutory basis." *B & B Inv. Grp. v. Gitler*, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998). Under both common law and Michigan Compiled Laws § 565.108, "a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *See id.* "Special damages" include litigation costs, impairment of vendibility, and loss of rent or interest. *Id.*

The district court concluded that the Derbabians failed to plausibly identify any false statements that disparaged the Derbabians' right to the property and have not pointed to any

"special damages." In addition, as discussed above, the plaintiffs have not sufficiently alleged that they had any right to the property after the redemption period expired. The district court correctly dismissed this cause of action.

### III. CONCLUSION

The Derbabians have failed to adequately plead their causes of action for fraudulent misrepresentation, breach of contract, violation of Michigan Compiled Laws §§ 600.3204, *et seq.*, quiet title, and slander of title. Their cause of action under TILA is also barred by the statute of limitations. We thus affirm the judgment of the district court.