**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0158n.06

**Case No. 14-1964**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 27, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SHACE GJOKAJ and VATA GJOKAJ, | ) | |
| | ) | |
| *Plaintiffs-Appellants*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| HSBC MORTGAGE SERVICES, INC. and | ) | DISTRICT OF MICHIGAN |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | O P I N I O N |

BEFORE:    COLE, Chief Judge; MOORE and CLAY, Circuit Judges.

COLE, Chief Judge.  Plaintiffs Shace Gjokaj and Vata Gjokaj contend that the district court wrongly dismissed their complaint challenging the foreclosure-by-advertisement of their house under Michigan law.  Because we agree with the district court's well-reasoned and thorough opinion, we affirm its judgment.

**I. BACKGROUND**

On May 2, 2006, the plaintiffs accepted a $255,000 loan from M&I Bank FSB in exchange for executing a promissory note secured by a mortgage on their house, located at 3934 Lancaster Drive, Sterling Heights, Michigan (the "property").  The mortgage designated defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as the mortgagee.  The plaintiffs allege that although the defendants represented to the plaintiffs that they qualified for a

loan and that the defendants had made the necessary disclosures to them under federal law, in fact the defendants failed to "advise[] [them] of the true details of the Loan transaction."

In December 2012, MERS assigned the mortgage to defendant HSBC Mortgage Services, Inc. ("HSBC"). Sometime afterwards, the plaintiffs appear to have defaulted on their loan obligations by failing to make timely payments. Thus, in February 2013, HSBC initiated foreclosure-by-advertisement under Michigan law on the property and, on July 12, 2013, the property was sold to HSBC at a sheriff's sale. The plaintiffs allege that before HSBC initiated foreclosure, however, it did not provide them with a "mortgage foreclosure package" as required by Michigan law. The plaintiffs claim that they qualified for loan modification and submitted a "loan modification package" in response to the notice of foreclosure, but HSBC initiated foreclosure "without regard to the modification agreement entered into."

Under Michigan law, the plaintiffs could have redeemed the property by January 12, 2014, but they did not do so. One day after the redemption period ended, the plaintiffs filed suit in the Circuit Court for the County of Macomb, Michigan, challenging the foreclosure. The defendants subsequently removed the action to federal district court, after which the plaintiffs filed an amended complaint asserting the following causes of action: (1) fraudulent misrepresentation; (2) breach of contract; (3) violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*; (4) violation of 15 U.S.C. § 1639; (5) quiet title; (6) violation of Michigan Compiled Laws § 600.3204 *et seq.*; (7) slander of title; and (8) injunctive relief. They sought both equitable relief and damages.

Based on the defendants' Rule 12(b)(6) motion, the district court dismissed the amended complaint with prejudice. The plaintiffs appeal from the district court's opinion and order

dismissing the amended complaint. Specifically, they appeal from the dismissal of their causes of action alleging that the defendants violated Michigan Compiled Laws § 600.3204, violated 15 U.S.C. § 1639(h), and committed fraud. They also assert that they are entitled to quiet title. Finally, they ask that this court equitably estop the defendants from foreclosing on the property.

## II. ANALYSIS

### A. Standard of Review

We review a district court's dismissal of a complaint de novo. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 608–09 (6th Cir. 2009). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Naked assertions "without some further factual enhancement [] stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 557 (internal punctuation omitted). Although a complaint "does not need detailed factual allegations," it still must provide "more than labels and conclusions," *id.* at 555, because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In particular, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Merits

We address only those causes of action discussed by the plaintiffs in their brief on appeal because "issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived." *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

### 1. Violation of Michigan Compiled Laws § 600.3204

The plaintiffs argue that the foreclosure process on the property was marked by irregularities and that they suffered prejudice as a result. They claim that they attempted to obtain a loan modification and qualified for one, but were "frustrated" by HSBC, which initiated foreclosure while promising that none would take place until their modification application was reviewed.

In Michigan, non-judicial foreclosures, or foreclosures by advertisement, are governed by statute. *See* Mich. Comp. Laws § 600.3204. A lender must provide a borrower with an opportunity "to attempt to work out a modification of the mortgage loan to avoid foreclosure" before proceeding with foreclosure-by-advertisement. Mich. Comp. Laws § 600.3205a(1)(d) (repealed 2013). "[T]he sole remedy for a mortgage holder's failure to follow the loan modification process is converting the foreclosure by advertisement to a judicial foreclosure." *Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 370 (6th Cir. 2014). However, this remedy is only available while the foreclosure is pending. *Id.*

After a foreclosure-by-advertisement occurs and the property is sold at a sheriff's sale, Michigan law gives the defaulting mortgagor a statutory period in which to redeem the property. Mich. Comp. Laws § 600.3240(8); *Edgett v. Flagstar Bank*, No. 311092, 2014 WL 783573, at *4 (Mich. Ct. App. Feb. 25, 2014) (citation omitted). But if the property is not timely redeemed, the mortgagor loses all right, title, and interest in the property. Mich. Comp. Laws § 600.3236; *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 927 (6th Cir. 2013) ("Under Michigan law, a plaintiff's rights in and title to property are extinguished once the redemption period expires.").

"Michigan law allows the mortgagors to set aside the foreclosure sale if they make a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 F. App'x 355, 357 (6th Cir. 2014); *see also Elsheick v. Select Portfolio Servicing, Inc.*, No. 13-2100, 2014 WL 2139140, at *5 (6th Cir. May 22, 2014); *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). The standard to do so is high. *Vanderhoof*, 554 F. App'x at 357. In addition, the mortgagor must show prejudice, i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). This showing can be made by demonstrating an ability to redeem the property. *See Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). A mortgagor "has not plausibly alleged such prejudice" if "she has not alleged that she qualified for loan modification before the sheriff's sale." *Olson v. Merrill Lynch Credit Corp.*, No. 13-1981, 2014 WL 3930459, at *5 (6th Cir. Aug. 8, 2014).

Here, the redemption period had expired; thus, the plaintiffs must show fraud or irregularity in the foreclosure procedure to receive relief. The plaintiffs claim that the defendants thwarted their efforts to modify their loan under Michigan law, but as the district court correctly concluded, a violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure procedure itself. *See Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). To effectively raise their loan-modification claims, the plaintiffs should have "file[d] an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure" after foreclosure-by-advertisement was initiated, but prior to the sale. Mich. Comp. Laws § 600.3205c(8) (repealed). They did not

do so and waited until after the six-month redemption period expired to file suit. Thus, the district court properly dismissed this cause of action.

The plaintiffs argue that this court is bound by *Mitan v. Federal Home Loan Mortgage Corp.*, 703 F.3d 949 (6th Cir. 2012), but they do not explain how it applies to their case. In *Mitan*, we held that a foreclosure-by-advertisement that violates Michigan Compiled Laws § 600.3204 is void and no redemption period can begin. *Id.* at 952. Presumably, the plaintiffs mean to argue that the foreclosure of the property is void. *Mitan*'s principle, however, has since been abrogated by the Supreme Court of Michigan in *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d at 330, which held instead that any foreclosure sale that occurs without complying fully with the statute is voidable rather than void *ab initio*. This court has repeatedly recognized that *Mitan* is no longer good law on that point since *Kim* was decided. *See, e.g.*, *Bernard v. Fed. Nat'l Mortg. Ass'n*, 587 F. App'x 266, 270 n.2 (6th Cir. 2014); *Goryoka*, 519 F. App'x at 928; *Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360, 367 (6th Cir. 2013). Indeed, in its opinion and order, the district court cautioned the plaintiffs' counsel that *Mitan* is no longer good law—a fact of which counsel should have been well aware given that "he has previously filed numerous actions with similar claims that have resulted in dismissal." Op. and Order 25. The district court warned counsel that he was "on notice that should such frivolous claims appear before the [district court] again, attorney's fees and sanctions will likely result." *Id.* Undeterred, counsel raises the same arguments to this court. Counsel is on further notice from this court that this line of argument is frivolous.

### 2. Fraud and Violation of 15 U.S.C. § 1639(h)

Although the plaintiffs make passing reference in their brief to their causes of action for fraud and for violation of 15 U.S.C. § 1639(h), they do not attempt to explain why the district

court erred in dismissing those counts. Accordingly, any such arguments are waived. *See Johnson*, 440 F.3d at 846. Even if those arguments were not waived, we agree with the district court's conclusion that the plaintiffs failed to state a claim.

### 3. Quiet Title

The plaintiffs argue that they are entitled to quiet title. Michigan law allows any person who claims any right, title, or interest in land—whether the person is in possession or not—to bring an action to quiet title. Mich. Comp. Laws § 600.2932(1). The plaintiff bears the burden of proof and must make a prima facie case that he or she has superior title or right to the property. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999); *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). "[A] plaintiff must succeed first and foremost in making his own prima facie case, without relying on the weakness of a defendant's title." *Stern v. Marjieh*, No. 295487, 2011 WL 1140129, at *2 (Mich. Ct. App. Mar. 29, 2011).

The district court correctly held that the plaintiffs have not alleged any facts establishing a prima facie case of superior title. Their allegations are conclusory and, notably, the plaintiffs do not even claim to have superior title. At most, they assert that the defendants lack a true interest in the property, but that is insufficient to establish a prima facie case. *See id.* Accordingly, this claim for a remedy (improperly pleaded as a cause of action) was properly denied.

### 4. Equitable Estoppel

The plaintiffs ask that we apply the doctrine of equitable estoppel to set aside the foreclosure of the property. "Equitable estoppel requires proof of: (1) an act, representation, admission, or omission that intentionally or negligently induces another to believe certain facts

exist, and (2) a reliance on those facts to the detriment of the second party if the first party were to be allowed to deny the existence of those facts." *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 746 (E.D. Mich. 2010) (citing *Lichon v. Am. Universal Ins.*, 459 N.W.2d 288, 292 (Mich. 1990)). As noted above, the plaintiffs do not adequately plead what fraudulent acts or omissions the defendants committed. Accordingly, their request for equitable estoppel is unavailing.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.